UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In Re: New York City Policing During Summer 2020
Demonstrations

20-cv-8924 (CM)(GWG)
20-cv-10291 (CM)(GWG)
20-cv-10541 (CM)(GWG)
21-cv-322 (CM)(GWG)
21-cv-533 (CM)(GWG)
21-cv-1904 (CM)(GWG)

---------------------------------------------------------------x

This order is related to
*People v. City of New York, et al.*     21-cv-322 (CM)(GWG)

---------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO INTERVENE

McMahon, J.:

Nonparty Towaki Komatsu, proceeding *pro se*, seeks leave to intervene in *People of the State of New York v. City of New York, et al.*, No. 21-cv-322, one of six consolidated cases arising out of demonstrations for racial justice and police reform that occurred in New York City during the summer of 2020. Komatsu seeks to intervene under Fed. R. Civ. P. 24 or, in the alternative, to appear as an amicus curiae. The motion is denied.

Federal Rule of Civil Procedure 24 governs a nonparty's right to intervene.

Rule 24(a)(2) provides for intervention as of right to anyone who makes a timely motion and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." If a party is not entitled to intervene as of right, a court still has discretion to add the party to the litigation under Rule 24(b). Permissive intervention is appropriate for anyone who "(A) is given a

1

conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

The Court has reviewed Komatsu's lengthy *pro se* submissions on this matter. Even construing them liberally and interpreting them in the light most favorable to Komatsu, he is not entitled to intervene as of right in this *parens patriae* lawsuit brought by the Attorney General of the State of New York.

First, the vast majority of the legal violations that Komatsu claims he suffered are unrelated to the subject matter of the *People* lawsuit. Komatsu claims that he has been continually harassed, mistreated, and "stalked" by police and court security personnel dating back several years. (*See, e.g.,* Dkt. No. 26, Exh. 1 at 2, 4, 8; Exh. 2 at 36–132). These allegations are not related to these consolidated lawsuits, which allege, in substance, that New York City and the New York Police Department engaged in – and continue to engage in – unconstitutional police tactics when responding to protests. Although Komatsu alleges that he was present at one of the summer 2020 demonstrations and was "assaulted," (Dkt. No. 26, Exh. 2 at 3), that represents but a small aspect of his claim for relief. To the extent that Komatsu's claims arise from events other than last summer's protests, they are not appropriately part of any of the consolidated lawsuits pending before this Court under the rubric: "In re: New York City Policing During Summer 2020 Demonstrations." Those claims would have to be brought in an independent lawsuit, which would not be deemed related to the consolidated cases. It goes without saying that nothing that happens in the consolidated cases would impact Komatsu's ability to pursue those claims on his own.

Second, insofar as Komatsu is seeking money damages for his alleged mistreatment by police officers while he was present at a summer 2020 demonstration, intervention in the Attorney General's *parens patriae* lawsuit would not help him because, in *People,* monetary relief is not on

the table. Attorney General James seeks declaratory and injunctive relief to redress certain allegedly unconstitutional policing policies that were employed during the protests – not financial compensation for any citizen who was allegedly injured as a result of those purported policies. Komatsu's interest in recovering damages for his "assault" would not be impaired or impeded by anything that happens in the Attorney General's lawsuit; indeed, Komatsu might be entitled to recover damages for any injury he suffered at the hands of a rogue police officer during any BLM protest he attended, even if the Attorney General were unable to establish that the NYPD followed unlawful policies in its policing of the event. And Komatsu does not and cannot explain why his interest as a citizen in obtaining changes to NYPD policing policies is not adequately represented by the highest legal officer in the State, suing in her *parens patriae* capacity.

Third, although Komatsu is not seeking leave to intervene in any of the five lawsuits in which damages are sought, there is no need for him to do so because his interests – at least insofar as they relate to last summer's protests – are being adequately represented in three of those lawsuits. *Wood v. De Blasio*, *Sierra v. City of New York*, and *Sow v. City of New York* are class actions, in which Komatsu would qualify as a class member if he was indeed injured, detained, or arrested during the demonstrations. The proposed classes of plaintiffs in these actions are represented by competent and experienced attorneys, who are already deeply engaged in discovery with the City. As a *pro se* litigant, Komatsu may not be aware that attorneys are already trying to protect his interests, at least insofar as they were impacted by the events of last summer's protests.

Of course, Komatsu has an absolute right to opt out of the class actions and to pursue any claims that he may have arising out of the BLM protests independently; but intervention in a *parens patriae* suit is not the appropriate remedy for an opt-out member of a putative plaintiff class.

The Court thus concludes that Komatsu does not meet the requirements for intervention in the *People* action as of right under Fed. R. Civ. P. 24(a).

The Court also declines to allow Komatsu to intervene permissively under Rule 24(b). Courts consider "substantially the same factors whether the claim for intervention is 'of right' . . . or 'permissive.' " *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Komatsu's motion for permissive intervention is denied for substantially the same reasons as the Court has just outlined with his request to intervene under Rule 24(a).

Finally, Komatsu's motion to appear as an amicus curiae is denied. The Court does not find that any of his submissions would be "of aid to the court [or] offer insights not available from the parties." *Automobile Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11-cv-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

For the reasons set forth above, Komatu's motion to intervene or, in the alternative, to appear as amicus curiae is denied.

The Clerk of the Court is respectfully directed to remove the motion at Dkt. No. 26 from the Court's list of pending motions.

Dated: April 28, 2021
New York, New York

_____

United States District Judge

BY ECF TO ALL PARTIES