UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMIRA SIERRA, AMALI SIERRA, RICARDO
NIGAGLIONI, and ALEX GUTIERREZ,
individually and on behalf of all others similarly
situated, on behalf of themselves and all others
similarly situated,

**ANSWER TO FIRST
AMENDED CLASS
ACTION COMPLAINT**

20 Civ. 10291 (CM)(GWG)

Plaintiffs,

-against-

CITY OF NEW YORK, a municipal entity; BILL
DE BLASIO, in his individual capacity; DERMOT
F. SHEA, in his individual capacity; TERENCE A.
MONAHAN, in his individual capacity; UMID
KARIMOV, in his individual capacity; ALFREDO
JEFF, in his individual capacity; DEBORA
MATIAS, in her individual capacity; ANDRE
JEANPIERRE, in his individual capacity,
KENNETH C. LEHR, in his individual capacity,

Defendants.

------------------------------------------------------------------------x

Defendants[1] City of New York ("City"), Mayor Bill de Blasio, and New York

City Police Department (NYPD) Chief of Department Terence A. Monahan ("defendants"),[2] by

thier attorney, **GEORGIA M. PESTANA**, Acting Corporation Counsel of the City of New

York, as and for their answer to the First Amended Class Action Complaint (hereinafter, "first

amended complaint"), respectfully alleges as follows:

---

[1] The Court's Memorandum Decision and Order Granting in Part and Denying in Part
Defendants' Motion to Dismiss the Amended Complaints, dated July 9, 2021 (see No. 20 Civ.
08924 (CM)(GWG) at Dkt no. 191), dismissed former defendant NYPD Commissioner Dermot
F. Shea from this action; defendants respectfully request that the case caption be amended
accordingly.

[2] Defendant Kenneth C. Lehr filed an answer to the First Amended Class Action Complaint on
April 23, 2021 (Dkt no. 68); on May 4, 2021, defendants Umid Karimov, Alfredo Jeff, Debora
Matias and Andre Jeanpierre filed their answer to the same (Dkt no. 85).

1.      Deny the allegations set forth in paragraph "1" of the first amended complaint.

2.      Deny the allegations set forth in paragraph "2" of the first amended complaint.

3.      Deny the allegations set forth in paragraph "3" of the first amended complaint, and respectfully refer  the Court to the sources apparently relied upon by plaintiffs, for the full content and context of the alleged statements by Commissioner Shea and Mayor de Blasio, respectively: (i) Jake Offenhartz, Nick Pinto and Gwynne Hogan, WNYC, NYPD's Ambush of Peaceful Bronx Protesters Was "Executed Nearly Flawlessly," City Leaders Agree, GOTHAMIST (June 5, 2020, 3:34 P.M.), https://gothamist.com/news/nypds-ambush-of-peaceful-bronx-protesters-was-executed-nearly-flawlessly-city-leaders-agree; and (ii) Transcript: Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability.

4.      Deny the allegations set forth in paragraph "4" of the first amended complaint except admit that defendants Commissioner Shea  spoke at a press conference on June 4, 2020.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the first amended complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the first amended complaint.

7.      Deny the allegations set forth in paragraph "7" of the first amended complaint, and respectfully refer the Court to the cited article for its full content and context.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the first amended complaint, except admit that there was a demonstration by protesters in the Mott Haven neighborhood of the Bronx on June 4, 2020, and respectfully refer the Court to the cited article purporting to quote former Police Commissioner Kelly, for its content and context, as well as to the August 12, 2013 Opinion and Order of the Honorable Shira A. Scheindlin in the civil action captioned *Floyd v. City of New York*, No. 08-Civ.-1034 (SAS) (S.D.N.Y.), for its full content and context..

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the first amended complaint, except admit that Chief Monahan and Chief Lehr were present in the Mott Haven area of the Bronx on the evening of June 4, 2020; further Deny that NYPD officers "refused to allow protesters to disperse and engaged in unprovoked violence before and during the arrests of the protesters," and respectfully refer the Court to the cited report for its full content and context.

10.     Deny the allegations set forth in paragraph "10" of the first amended complaint, except admit that plaintiffs purport to proceed as set forth therein.

11.     Deny the allegations set forth in paragraph "11" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

12.     Deny the allegations set forth in paragraph "12" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

13.     Deny the allegations set forth in paragraph "13" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's authority as stated therein.

14.     Deny the allegations set forth in paragraph "14" of the first amended complaint, except admit that plaintiffs purport to base venue as stated therein.

15.     Paragraph "15" is a demand for a jury trial and therefore no response is required.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that documents purporting to be Notices of Claim were received by the Comptroller's Office on or about September 23, 2020 (plaintiff Samira Sierra); October 13, 2020 (plaintiff Nigaglioni); November 1, 2020 (plaintiff Gutierrez); and November 2, 2020 (plaintiff Amali Sierra).

17.     Deny the allegations set forth in paragraph "17" of the first amended complaint except admit that plaintiffs Samira Sierra, Amali Sierra, Nigaglioni and Gutierrez have sat for GML section 50-h examinations.

18.     Deny the allegations set forth in paragraph "18" of the first amended complaint except admit that to date, this matter has not been resolved.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the first amended complaint.

20.     Deny the allegations set forth in paragraph "20" of the first amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

21.     Deny the allegations set forth in paragraph "21" of the first amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendants City and the New York City Police Department.

22.     Deny the allegations set forth in paragraph "22" of the first amended complaint except admit that Bill de Blasio was the Mayor of New York City at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

23.     Deny the allegations set forth in paragraph "23" of the first amended complaint except admit that Dermot F. Shea was the New York City Police Commissioner at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.[3]

24.     Deny the allegations set forth in paragraph "24" of the first amended complaint except admit that Terence A. Monahan was the Chief of Department for the NYPD at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

25.     Deny the allegations set forth in paragraph "25" of the first amended complaint except admit that Assistant Chief Kenneth C. Lehr was Commanding Officer of NYPD Patrol Borough Bronx at times relevant to the first amended complaint, and that plaintiffs purport to proceed as stated therein.

26.     Deny the allegations set forth in paragraph "26" of the first amended complaint except admit that plaintiffs purport to proceed as stated therein.

27.     Deny the allegations set forth in paragraph "27" of the first amended complaint except admit that the defendants identified in paragraph "27" of the first amended complaint were Police Officers with the NYPD at all times relevant to the complaint, and that plaintiffs purport to proceed as stated therein.

---

[3] Commissioner Shea is no longer a defendant to this action; *see supra*, n.1.

28.     Defendants state that the allegations set forth in paragraph "28" of the first amended complaint are legal conclusions to which no response is required

29.     Deny the allegations set forth in paragraph "29" of the first amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the first amended complaint except admit that the City Officials were high-level officials of the City of New York and/or the NYPD.

31.     Deny the allegations set forth in paragraph "31" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

32.     Deny the allegations set forth in paragraph "32" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

33.     Deny the allegations set forth in paragraph "33" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

34.     Deny the allegations set forth in paragraph "34" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

35.     Deny the allegations set forth in paragraph "35" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

36.     Deny the allegations set forth in paragraph "36" of the first amended complaint and respectfully refer the Court to the cited section of the City Charter for its full content and context.

37.     Deny the allegations set forth in paragraph "37" of the first amended complaint except admit that the Chief of Department is the highest-ranking uniformed officer in the NYPD.

38.     Deny the allegations set forth in paragraph "38" of the first amended complaint except admit that the NYPD Chief of Department is the highest-ranking uniformed officer in the NYPD.

39.     Deny the allegations set forth in paragraph "39" of the first amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the first amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the first amended complaint except admit that a demonstration took place in the South Bronx on June 4, 2020.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the first amended complaint, and respectfully refer the Court to the cited article for its full content and context.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the first amended complaint.

44.     Deny the allegations set forth in paragraph "44" of the first amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the first amended complaint and respectfully refer the Court to the source relied upon by plaintiffs for the quote attributed to Mayor de Blasio, for its full and accurate content and context, Transcript: Mayor de Blasio Holds Media Availability, June 7, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability.

46.     Deny the allegations set forth in paragraph "46" of the first amended complaint except admit that Chief Monahan was present in the Mott Haven neighborhood of the Bronx on June 4, 2020.

47.     Deny the allegations set forth in paragraph "47" of the first amended complaint except admit that Assistant Chief Lehr was present in the Mott Haven neighborhood of the Bronx on June 4, 2020.

48.     Deny the allegations set forth in paragraph "48" of the first amended complaint.

49.     Deny the allegations set forth in paragraph "49" of the first amended complaint.

50.     Deny the allegations set forth in paragraph "50" of the first amended complaint except admit that NYPD officers on bicycles monitored the demonstrators in the interest of ensuring the safety of motorists as well as pedestrians marching in the streets..

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the first amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the first amended complaint except admit that demonstrators marched down Willis Avenue and that police continued to accompany them, looking out for the safety of pedestrians and motorists..

53.     Deny the allegations set forth in paragraph "53" of the first amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the first amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the first amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the first amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the first amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the first amended complaint.

59.     Deny the allegations set forth in paragraph "59" of the first amended complaint.

60.     Deny the allegations set forth in paragraph "60" of the first amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the first amended complaint except admit that police followed the march in order to ensure the safety of motorists as well as pedestrians in the street.

62.     Deny the allegations set forth in paragraph "62" of the first amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the first amended complaint.

64.     Deny the allegations set forth in paragraph "64" of the first amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the first amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the first amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the first amended complaint.

68.     Deny the allegations set forth in paragraph "68" of the first amended complaint.

69.     Deny the allegations set forth in paragraph "69" of the first amended complaint.

70.     Deny the allegations set forth in paragraph "70" of the first amended complaint.

71.     Deny the allegations set forth in paragraph "71" of the first amended complaint, except admit individuals claiming to be "legal observers" and "medics" were placed under arrest.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the first amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the first amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the first amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the first amended complaint.

76.     Deny the allegations set forth in paragraph "76" of the first amended complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the first amended complaint.

78.     Deny the allegations set forth in paragraph "78" of the first amended complaint.

79.     Deny the allegations set forth in paragraph "79" of the first amended complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the first amended complaint.

81.     Deny the allegations set forth in paragraph "81" of the first amended complaint.

82.     Deny the allegations set forth in paragraph "82" of the first amended complaint.

83.     Deny the allegations set forth in paragraph "83" of the first amended complaint.

84.     Deny the allegations set forth in paragraph "84" of the first amended complaint, but admit Chief Monahan visited arrest processing facilities.

85.     Deny the allegations set forth in paragraph "85" of the first amended complaint.

86.     Deny the allegations set forth in paragraph "86" of the first amended complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the first amended complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the first amended complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the first amended complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the first amended complaint, except Deny the existence of any "NYPD kettle."

91.     Deny the allegations set forth in paragraph "91" of the first amended complaint.

92.     Deny the allegations set forth in paragraph "92" of the first amended complaint.

93.     Deny the allegations set forth in paragraph "93" of the first amended complaint.

94.     Deny the allegations set forth in paragraph "94" of the first amended complaint.

95.     Deny the allegations set forth in paragraph "95" of the first amended complaint.

96.     Deny the allegations set forth in paragraph "96" of the first amended complaint except admit that that Officer Jeff was assigned as plaintiff Samira Sierra's arresting

officer and Samira and her sister, plaintiff Amali Sierra were both taken to Central Booking in Queens for arrest processing..

97.     Deny the allegations set forth in paragraph "97" of the first amended complaint.

98.     Deny the allegations set forth in paragraph "98" of the first amended complaint except admit that plaintiff Samira Sierra was issued a summons..

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the first amended complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the first amended complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the first amended complaint, except Deny that plaintiffs Amali and Samira Sierra were "kettled" by the NYPD.

102.    Deny the allegations set forth in paragraph "102" of the first amended complaint.

103.    Deny the allegations set forth in paragraph "103" of the first amended complaint.

104.    Deny the allegations set forth in paragraph "104" of the first amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the first amended complaint except admit that Officer Jeff was assigned as plaintiff Amali Sierra's arresting officer and that Amali was transported to Central Booking in Queens for arrest processing.

106.     Deny the allegations set forth in paragraph "106" of the first amended complaint except admit that plaintiff Amali Sierra was issued a summons.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the first amended complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the first amended complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the first amended complaint, except Deny that any individual was "kettled" on June 4, 2020

110.     Deny the allegations set forth in paragraph "110" of the first amended complaint.

111.     Deny the allegations set forth in paragraph "111" of the first amended complaint.

112.     Deny the allegations set forth in paragraph "112" of the first amended complaint.

113.     Deny the allegations set forth in paragraph "113" of the first amended complaint.

114.     Deny the allegations set forth in paragraph "114" of the first amended complaint.

115.     Deny the allegations set forth in paragraph "115" of the first amended complaint except admit that Officer Matias issued a summons to plaintiff Nigaglioni.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the first amended complaint.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the first amended complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the first amended complaint.

119.     Deny the allegations set forth in paragraph "119" of the first amended complaint.

120.     Deny the allegations set forth in paragraph "120" of the first amended complaint.

121.     Deny the allegations set forth in paragraph "121" of the first amended complaint.

122.     Deny the allegations set forth in paragraph "122" of the first amended complaint.

123.     Deny the allegations set forth in paragraph "123" of the first amended complaint except admit that plaintiff Gutierrez was issued a summons by Officer Jeanpierre.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the first amended complaint.

125.     Deny the allegations set forth in paragraph "125" of the first amended complaint.

126.     Deny the allegations set forth in paragraph "126" of the first amended complaint.

127.     Deny the allegations set forth in paragraph "127" of the first amended complaint and respectfully refer the Court to the cited case decision by then-District Judge

Richard Sullivan, for its full content and context, and further respectfully refer the Court to the cited jury trial judgment for its content and context.

128.    Deny the allegations set forth in paragraph "128" of the first amended complaint and respectfully refer the Court to the source of Mayor de Blasio's quoted statement, for its full and accurate content and context, Transcript: Mayor de Blasio, Police Commissioner Shea Hold Media Availability, May 30, 2020, available at:  https://www1.nyc.gov/office-of-the-mayor/news/387-20/transcript-mayor-de-blasio-police-commissioner-shea-hold-media-availability.

129.    Deny the allegations set forth in paragraph "129" of the first amended complaint and respectfully refer the Court to 99.    Deny the allegations set forth in paragraph "99" of the first amended complaint and respectfully refer the Court to Debora Fougere, "NYPD Gets Tough on George Floyd Protesters Defying Curfew," NY1 (Updated: Jun. 5, 2020, 7:45 AM EST),  https://www.ny1.com/nyc/all-boroughs/news/2020/06/04/protests-curfew-new-york-city-thursday, for a more complete and accurate record of the Commissioner's cited comments as well as their content and context.

130.    Deny the allegations set forth in paragraph "130" of the first amended complaint and respectfully refer the Court to the record of the cited press conference for the full and accurate content and context of the Mayor's alleged statements, Transcript: Mayor de Blasio Holds Media Availability, June 4, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability.

131.    Deny the allegations set forth in paragraph "131" of the first amended complaint and respectfully refer the Court to the record of the cited press conference for the full and accurate content and context of the Mayor's alleged statements, Transcript: Mayor de Blasio

Holds Media Availability, June 4, 2020, available at: https://www1.nyc.gov/office-of-the-mayor/news/406-20/transcript-mayor-de-blasio-holds-media-availability.

132.     Deny the allegations set forth in paragraph "132" of the first amended complaint and respectfully refer the Court to the record of the cited press conference, Transcript: Mayor de Blasio Holds Media Availability, June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

133.     Deny the allegations set forth in paragraph "133" of the first amended complaint and respectfully refer the Court to the record of the cited press conference, Transcript: Mayor de Blasio Holds Media Availability, June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-mayor-de-blasio-holds-media-availability, for its full and accurate content and context.

134.     Deny the allegations set forth in paragraph "134" of the first amended complaint and respectfully refer the Court to the sources of the cited quotes for more complete content and context of the statements by Mayor de Blasio and Commissioner Shea: (i) Transcript, Mayor de Blasio Holds Media Availability, June 7, 2020, at https://www1.nyc.gov/office-of-the-mayor/news/413-20/transcript-mayor-de-blasio-holds-media-availability; and (ii) CBS News, Police chief says he doesn't "believe racism plays a role" in NYPD, as protesters fill streets (June 2, 2020, 11:27 A.M.), https://www.cbsnews.com/news/nypd-chief-terence-monahan-racism-new-york-protest/.

135.     Deny the allegations set forth in paragraph "135" of the first amended complaint.

136.    Deny the allegations set forth in paragraph "136" of the first amended complaint and respectfully refer the Court to Department of Investigation report, New York City Department of Investigation, INVESTIGATION INTO NYPD RESPONSE TO THE GEORGE FLOYD PROTESTS (Dec. 2020), available at: https://www1.nyc.gov/assets/doi/reports/pdf/2020/DOIRpt.NYPD%20Reponse.%20GeorgeFloyd%20Protests.12.18.2020.pdf (hereinafter, "DOI Report"), for its full content and context.

137.    Deny the allegations set forth in paragraph "137" of the first amended complaint, and respectfully refer the Court to the cited DOI Report for its full and accurate content and context.

138.    Deny the allegations set forth in paragraphs "138" and "138(a)" through "138(c)" of the first amended complaint, and respectfully refer the Court to the cited DOI Report for its full and accurate content and context.

139.    Deny the allegations set forth in paragraph "139" of the first amended complaint, and respectfully refer the Court to the cited DOI Report for its full and accurate content and context.

140.    Deny the allegations set forth in paragraph "140" of the first amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the first amended complaint.

142.    Deny the allegations set forth in paragraph "142" of the first amended complaint, except admit that a civil action captioned *Gelbard v. City of New York*, No. 20-civ-3163 (MKB)(RER) (E.D.N.Y.) has been filed.

143.     Deny the allegations set forth in paragraph "143" of the first amended complaint.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the first amended complaint, except Deny that the NYPD "carried out…operations…that involved the same tactics deployed during the Mott Haven operation on June 4th, that is, surrounding protesters critical of the NYPD and police practices that target communities of color, and violently assaulting and arresting protesters."

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the first amended complaint, except admit that a civil action captioned *Payne v. de Blasio*, No 20-civ-8924 (CM)(GWG) (S.D.N.Y.) has been filed, and further Deny that "Protesters repeatedly were met with the very pattern of police violence they marched to end.  The Mayor of New York and the NYPD's leadership condoned and even promoted that violence . . . These attacks . . . were undertaken in retaliation for the protesters' message . . ."

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the first amended complaint, and further Deny "'widespread and frequent' violence committed by NYPD officers against 'protesters at demonstrations and rallies in support of Black Lives Matter and against police violence.'"

147.     Deny the allegations set forth in paragraph "147" of the first amended complaint and respectfully refer the Court to the cited Attorney General's Report for its full content and context.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the first amended complaint, except admit that a

civil action captioned *People of the State of New York  v. City of New York,*, No 21-civ-322(CM)(GWG) (S.D.N.Y.) has been filed, and further Deny that the NYPD has a "troubled history…of policing of protest activity… includ[ing] application of 'disorder control' methods without due regard for the First Amendment rights of protesters and "widespread use of police violence against the George Floyd/Black Lives Matter protesters – violence far in excess of what took place at the largescale protests or earlier years."

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the first amended complaint, except admit that a civil action captioned *Sow  v. City of New York,*, No 21-civ-533 (CM)(GWG) (S.D.N.Y.) has been filed, and further Deny "decades of unconstitutional policing of protest activity by the NYPD, and especially egregious conduct in the policing of the George Floyd/Black Lives Matter protests."

150.    Deny the allegations set forth in paragraph "150" of the first amended complaint and respectfully refer the Court to the August 12, 2013 Opinion and Order of the Honorable Shira A. Scheindlin in the civil action captioned Floyd v. City of New York, No. 08-Civ.-1034 (SAS) (S.D.N.Y.), for its full content and context.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the first amended complaint.

152.    Deny the allegations set forth in paragraph "152" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

153.    Deny the allegations set forth in paragraph "153" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

154.    Deny the allegations set forth in paragraph "154" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

155.    Deny the allegations set forth in paragraph "155" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

156.    Deny the allegations set forth in paragraph "156" of the first amended complaint and respectfully refer the Court to the cited report for its full content and context.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the first amended complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the first amended complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the first amended complaint, and respectfully refer the Court to the cited transcript for its full content and context.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the first amended complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the first amended complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the first amended complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the first amended complaint, and respectfully the Court to the cited article for its full content and context.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the first amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the first amended complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the first amended complaint, and respectfully the Court to the cited transcript for its full content and context.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the first amended complaint, and respectfully the Court to the cited transcript for its full content and context.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the first amended complaint, and respectfully the Court to the cited transcripts for their full content and contexts.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

170.    Deny the allegations set forth in paragraph "170" of the first amended complaint.

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint.

172.    Deny the allegations set forth in paragraph "172" of the first amended complaint.

173.    Deny the allegations set forth in paragraphs "173" and "173(a)" through "173(h)" of the first amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the first amended complaint.

175.    Deny the allegations set forth in paragraph "175" of the first amended complaint.

176.    Deny he allegations set forth in paragraph "176" of the first amended complaint.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the first amended complaint

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the first amended complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the first amended complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the first amended complaint.

181.    Deny the allegations set forth in paragraph "181" of the first amended complaint.

182.    Deny the allegations set forth in paragraph "182" of the first amended complaint.

183.    In response to the allegations set forth in paragraph "183" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

184.     Deny the allegations set forth in paragraph "184" of the first amended complaint.

185.     Deny the allegations set forth in paragraph "185" of the first amended complaint.

186.     Deny the allegations set forth in paragraph "186" of the first amended complaint.

187.     In response to the allegations set forth in paragraph "187" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

188.     Deny the allegations set forth in paragraph "188" of the first amended complaint.

189.     Deny the allegations set forth in paragraph "189" of the first amended complaint.

190.     Deny the allegations set forth in paragraph "190" of the first amended complaint.

191.     In response to the allegations set forth in paragraph "191" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

192.     Deny the allegations set forth in paragraph "192" of the first amended complaint.

193.     Deny the allegations set forth in paragraph "193" of the first amended complaint.

194.    Deny the allegations set forth in paragraph "194" of the first amended complaint.

195.    In response to the allegations set forth in paragraph "195" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

196.    Deny the allegations set forth in paragraph "196" of the first amended complaint.

197.    Deny the allegations set forth in paragraph "197" of the first amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the first amended complaint.

199.    In response to the allegations set forth in paragraph "199" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

200.    Deny the allegations set forth in paragraph "200" of the first amended complaint.

201.    Deny the allegations set forth in paragraph "201" of the first amended complaint.

202.    Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.    In response to the allegations set forth in paragraph "203" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

204.   Deny the allegations set forth in paragraph "204" of the first amended complaint.

205.   Deny the allegations set forth in paragraph "205" of the first amended complaint.

206.   Deny the allegations set forth in paragraph "206" of the first amended complaint.

207.   Deny the allegations set forth in paragraph "207" of the first amended complaint.

208.   Deny the allegations set forth in paragraph "208" of the first amended complaint.

209.   In response to the allegations set forth in paragraph "209" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

210.   Deny the allegations set forth in paragraph "210" of the first amended complaint.

211.   Deny the allegations set forth in paragraph "211" of the first amended complaint.

212.   Deny the allegations set forth in paragraph "212" of the first amended complaint.

213.   In response to the allegations set forth in paragraph "213" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

214.    Deny the allegations set forth in paragraph "214" of the first amended complaint.

215.    Deny the allegations set forth in paragraph "215" of the first amended complaint.

216.    Deny the allegations set forth in paragraph "216" of the first amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the first amended complaint.

218.    Deny the allegations set forth in paragraph "218" of the first amended complaint.

219.    In response to the allegations set forth in paragraph "219" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

220.    Deny the allegations set forth in paragraph "220" of the first amended complaint.

221.    Deny the allegations set forth in paragraph "221" of the first amended complaint.

222.    Deny the allegations set forth in paragraph "221" of the first amended complaint.

## **FIRST AFFIRMATIVE DEFENSE:**

223.    The first amended complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE:

224.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE:

225.    Defendants de Blasio and Monahan did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

226.    Defendants City of New York, de Blasio and Monahan have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio and Monahan violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

227.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

228.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

229.    Plaintiffs provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

230.    Plaintiffs may have failed to mitigate their alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

231.    Plaintiffs have failed to state a claim under <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

232.    At all times relevant to the acts alleged in the complaint, defendants de Blasio and Monahan acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE:**

233.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TWELFTH AFFIRMATIVE DEFENSE:**

234.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

235.    Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

## CONCLUSION

WHEREFORE, defendants City of New York, Mayor de Blasio, and Chief of Department Monahan respectfully request that the First Amended Class Action Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                July 23, 2021

                                    **GEORGIA M. PESTANA**
                                    Acting Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants City, de Blasio, and
                                    Monahan
                                    100 Church Street
                                    New York, N.Y. 10007-2601
                                    212-356-3517


                    By:     *Dara L. Weiss s/*
                                    _____
                                          Dara L. Weiss
                                          Elissa Jacobs
                                          Brachah Goykadosh



**BY ECF:**      All Counsel

20 Civ. 1091 (CM)(GWG) (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMIRA SIERRA , et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

*GEORGIA M. PESTANA*
Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room
New York, New York  10007-2601

Of  Counsel:  Dara L. Weiss
Tel.:  212-356-3517

*Service of which is hereby acknowledged:*

........................................., N.Y.  Dated:  .........................................

Signed:  ...........................................................................................

Print Name: ......................................................................................

Attorney for:  ....................................................................................