**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

SAMIRA SIERRA, AMALI SIERRA,
RICARDO NIGAGLIONI, ALEX GUTIERREZ,
and CHARLES WOOD, on behalf of themselves and
all others similarly situated,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/2023

Plaintiffs,

-against-

20-CV-10291 (CM)(GWG)
20-CV-10541 (CM)(GWG)

CITY OF NEW YORK, a municipal entity; and
BILL DE BLASIO, TERENCE A. MONAHAN,
KENNETH LEHR, ROBERT GALLITELLI,
HARRY WEDIN, JOHN D'ADAMO, GERARD
DOWLING, JULIO DELGADO, KENNETH RICE,
THOMAS GARGUILO, JOHN MIGLIACCIO,
THOMAS MOSHER,

Defendants.
-----------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT AND ORDER

This class action lawsuit settlement agreement is made and entered into as of the

28th day of February, 2023, by and among Defendants City of New York, former Mayor Bill De

Blasio, Terence A. Monahan, Kenneth Lehr, Robert Gallitelli, Harry Wedin, John D'Adamo,

Gerard Dowling, Julio Delgado, Kenneth Rice, Thomas Garguilo, John Migliaccio, and Thomas

Mosher (collectively, the "Defendants"); and Plaintiffs Samira Sierra, Amali Sierra, Ricardo

Nigaglioni, Alex Gutierrez, and Charles Wood, on behalf of themselves and the plaintiff class of

which they are proposed Class Representatives (collectively, the "Plaintiffs") (altogether, the

"Parties").

**WHEREAS,** on December 7, 2020, plaintiffs Samira Sierra, Amali Sierra, Ricardo

Nigaglioni, and Alex Gutierrez commenced this action by filing a complaint under 20 Civ. 10291,

on behalf of themselves and all others similarly situated, alleging, pursuant to 42 U.S.C. § 1983,

violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution; and

**WHEREAS,** on December 14, 2020, plaintiff Charles Wood commenced this action under 20 Civ. 10541 by filing a complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution; and

**WHEREAS**, on September 16, 2022, Plaintiffs filed a consolidated and Amended Class Action Complaint ("this Civil Action"), on behalf of themselves and all others similarly situated, consolidating both actions and alleging violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and certain state law claims; and

**WHEREAS,** Defendants have denied any and all liability arising out of Plaintiffs' allegations; and

**WHEREAS,** the Parties now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability; and

**WHEREAS,** the terms of this Stipulation of Settlement and Order ("Stipulation") were extensively and vigorously negotiated in good faith over several months; and

**WHEREAS,** the negotiations have resulted in this Stipulation, which, subject to the approval of the Court, settles this Civil Action in the manner and upon the terms set forth below; and

**WHEREAS,** the signatories hereby represent that they are fully authorized to enter into this Stipulation and to bind the Parties to the terms and conditions hereof, subject to Court approval.

2

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

## INTRODUCTION

1.      The terms of this Stipulation provide a substantial benefit to the Settlement Class, as defined below. The Parties consider this Settlement Agreement to be fair, reasonable, and adequate.

2.      Defendants deny any and all liability and deny that they had or have a policy, or engaged in or currently engage in a pattern or practice, that deprived persons of their rights, privileges, or immunities secured or protected by the Constitution and laws of the United States and the State of New York.

3.      This Stipulation does not, and shall not be deemed to, constitute an admission by Defendants as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs. This Stipulation does not constitute an admission, adjudication, or finding on the merits of this Civil Action.

## SETTLEMENT SCHEDULE

4.      The Parties propose to administer the Settlement on the following schedule with a Final Fairness Hearing to be held on October 24, 2023 at 10:00 a.m. (or a later date and time set by the Court):

| EVENT | DATE |
|---|---|
| **Stipulation is signed by the Parties** | February 28, 2023 |
| **City provides Class Counsel with documentation of any potential Class Member with a settled claim** | 30 days after Stipulation is signed or 14 days after the Court grants Preliminary Approval, whichever is later |

3

| | |
|---|---|
| **Plaintiffs file Motion seeking Preliminary Approval of the Settlement, class certification, approval of the Claims Administrator, along with the Stipulation of Settlement and Order** | February 28, 2023 |
| **Preliminary Approval Order** | TBD ("Preliminary Approval Date") |
| **City to start to pay the Claims Administrator costs necessary to fulfill the Proposed Notice Plan (as set forth herein)** | within 15 days of Preliminary Approval Date |
| **Parties to provide Claims Administrator with necessary information concerning Class Members** | within 15 days of Preliminary Approval Date |
| **Notification to Class Members** | within 30 days of Preliminary Approval Date |
| **Bar Date (*i.e.*, deadline to submit Claims Forms, Opt Outs, and objections)** | 180 days after Preliminary Approval Date |
| **Plaintiffs to file Motion for Final Approval of Settlement** | October 17, 2023 (one week before Fairness Hearing) |
| **Fairness Hearing** | October 24, 2023 (or a later date and time set by the Court) |
| **Final Approval Order** | TBD ("Final Approval Date") |
| **Effective Date** | 31 days after Final Approval Date (unless an appeal is taken, in which case, 15 business days after affirmance of the Final Approval Order) |
| **Payment of the Total Class Settlement Amount by the City, Class Representatives service awards, and attorneys' fees and costs)** | 45 days after Final Approval Order |
| **Claims Administrator pays all valid Claims Awards** | Within 30 days of receipt of the Total Class Settlement Amount from the City |

## DEFINITIONS

The terms described below shall have the meanings defined in this Section wherever used in this Stipulation, and for the purposes of this Stipulation only.

5.     "Bar Date" is the date established by the Court by which any presumptive Class Member who wishes to receive payment pursuant to this Stipulation must submit a Claim Form.

6.     "City" means the City of New York.

7.     "Civil Action" means the above-captioned litigation before the Honorable Colleen McMahon in the United States District Court for the Southern District of New York.

8.     "Class Notice" means the long-form class notice to be mailed to potential class members, and which is attached hereto as Exhibit A.

9.     "Class Notice Summary" means the short-form class notice to be published as described herein at paragraph 37, and which is attached hereto as Exhibit B.

10.     "Claim Form" means the form that Class Members must complete and timely submit in order to receive payment under this Settlement, and which is attached hereto as Exhibit C.

11.     "Claim Package" means the Class Notice and Claim Form.

12.     "Claims Administrator" or "Administrator" means the firm appointed by the Court to administer the class and whose duties are defined below, in paragraphs 48 through 70. The Parties agree to Rust Consulting, Inc. as the Claims Administrator for this Settlement.

13.     "Claims Award" means the amount to be paid to each class member who timely submits a claim form as defined in paragraph 40.

5

14. "Class Counsel" means Hamilton Clarke LLP, Rickner PLLC, Kaufman Lieb Lebowitz & Frick LLP, and Michael Spiegel, Esq.

15. "Class Members" means individuals who satisfy the Class Definition in paragraph 32.

16. "Class Representatives" or "Plaintiffs" means Samira Sierra, Amali Sierra, Ricardo Nigaglioni, Alex Gutierrez and Charles Woods.

17. "Class Representative Service Awards" means the service award payments to Plaintiffs as described in paragraph 41.

18. "Counsel for Defendants" or "Defendants' Counsel" means the New York City Law Department, Office of the Corporation Counsel.

19. "Court" means the United States District Court for the Southern District of New York.

20. "Defendants" means the City of New York, former Mayor Bill De Blasio, Terence A. Monahan, Kenneth Lehr, Robert Gallitelli, Harry Wedin, John D'Adamo, Gerard Dowling, Julio Delgado, Kenneth Rice, Thomas Garguilo, John Migliaccio, and Thomas Mosher.

21. "Effective Date for Payment" is forty-five (45) days after the Final Approval Date, unless an appeal is taken from the Final Approval Order, in which case, the "Effective Date for Payment" is fifteen (15) business days after any appeal is exhausted and the Court enters an order confirming approval of this Stipulation of Settlement and Order.

22. "Final Approval Order" means an order entered by the Court, after a Fairness Hearing, granting final approval to this Stipulation of Settlement and Order, approving Class Counsel's fees and costs, and approving Class Representative Service Award, and dismissing the Civil Action with prejudice, unless the Court orders otherwise.

23. "Final Approval Date" means the date of entry by the Court of the Final Approval Order.

24. "NYPD" means the New York City Police Department.

25. "Opt-Out" is any Class Member who submits a timely request to be excluded from this Settlement as described in the Class Notice and Summary Class Notice and in paragraphs 71 through 75.

26. "Parties" means Plaintiffs and Defendants as described herein at paragraphs 16 and 20.

27. "Preliminary Approval Date" means the date of entry of the Preliminary Approval Order by the Court.

28. "Preliminary Approval Order" means the order entered by the Court preliminarily approving this Stipulation, scheduling a Fairness Hearing, appointing the Claims Administrator, appointing class counsel, and approving a plan of notice to the Class and claims administration.

29. "Released Parties" means any and all Defendants, namely the City of New York, former Mayor Bill De Blasio, Terence A. Monahan, Kenneth Lehr, Robert Gallitelli, Harry Wedin, John D'Adamo, Gerard Dowling, Julio Delgado, Kenneth Rice, Thomas Garguilo, John Migliaccio, and Thomas Mosher, and any of their parents, subsidiaries, affiliates, predecessors, successors and/or assigns and in the case of all such entities, their respective past and present representatives, officers, directors, attorneys, agents, employees, privies and insurers.

30. "Released Claims" means any and all claims for physical injury, emotional distress, loss of liberty, or excessive detention, and/or any other damages including, but not limited to, damages arising from claims of false arrest, excessive force, malicious prosecution, delayed or

7

excessive detention, illegal search under New York State Law, 42 U.S.C. § 1983, and any other applicable federal, state (including state law false arrest and false imprisonment, assault and battery, denial of medical attention, intentional or negligent infliction of emotional distress, negligent hiring, screening, retention, training, supervision, and discipline, and excessive detention), or local statutes, common law, or regulation that were or could have been asserted by the Class Representatives and/or any Class Member against the Released Parties based upon or arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in this Civil Action. This Release does not include or cover any actions or omissions occurring after the Preliminary Approval Date.

31.     "Total Class Settlement Amount" is the total amount to be paid by the City for all timely valid Claims accepted in accordance with the terms, conditions, and instructions in this Stipulation, minus any monies that are subject to any applicable liens.

## SETTLEMENT CLASS DEFINITION

32.     The "Settlement Class" means all persons who were detained, arrested, and/or subjected to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx during the "George Floyd protest" in Mott Haven, and all persons who also were given a summons or Desk Appearance Ticket following their arrest at that location, and allege any of the Released Claims described herein at paragraph 30.

33.     Excluded from the Settlement Class are individuals who have settled claims with New York City Comptroller's Office arising out of the events on June 4, 2020 on East 136th Street from Brown Place to Brook Avenue at Mott Haven, in the Bronx, New York. Also excluded are individuals who brought lawsuits against the City and/or individual members of NYPD arising

8

out of the events on June 4, 2020 on East 136th Street from Brown Place to Brook Avenue, at Mott Haven, in the Bronx, New York, and whose claims were settled, dismissed or otherwise disposed.

## CLASS CERTIFICATION

34. The Parties agree to the certification of a class pursuant to Rule 23(c) and Rule 23(e) of the Federal Rules of Civil Procedure.

35. Class Counsel will submit a motion to the Court, on consent of Defendants, seeking certification of the Settlement Class at the time Class Counsel seeks preliminary approval.

## PROPOSED NOTICE PLAN

36. Direct Mailing: Notice of this Civil Action shall be provided to Class Members by mailing the Claim Package to all individuals known to the parties who satisfy the Settlement Class Definition. The address used for the initial mailing shall be each Class Member's last known address.

37. Publication Notice: The Parties shall cause to be published a Class Notice Summary in the form attached hereto as Exhibit B. Such Notice shall be published in The Daily News and El Diario, in English and in Spanish, three times within the same three-week period, or as otherwise ordered by the Court. The City will bear the cost of this publication.

38. Website: As described below, the Claims Administrator will establish a website containing information about this lawsuit and settlement, and where anyone can view this Settlement Stipulation and Order, the Class Notice attached at Exhibit A. At this website, a Class Member may also obtain a Claim Form and submit a Claim Form.

39. At least one week before the Fairness Hearing, Class Counsel shall file with the Court a declaration confirming that Notice was provided consistent with the Stipulation and any Preliminary Approval Order entered by the Court.

## CLAIMS AWARDS TO CLASS MEMBERS

40.    Subject to the terms and conditions of this Stipulation of Settlement and Order, and the Class Definition at paragraph 32, the City agrees to pay $21,500.00 (Twenty-One Thousand Five Hundred Dollars) to each Class Member and an additional $2,500.00 (Two Thousand Five Hundred Dollars) for a total of $24,000 (Twenty-Four Thousand Dollars) to each Class Member who was also given a Desk Appearance Ticket. These Class Members must have timely submitted a Claim Form and be eligible for payment under the Class Definition as set forth in paragraph 32 and not excluded from the Settlement Class as set forth in Paragraph 33. Approximately 320 individuals meet the Settlement Class Definition as set forth in paragraph 32 and less than 100 individuals are believed to be excluded from the Settlement Class as set forth in Paragraph 33.

## CLASS REPRESENTATIVE SERVICE PAYMENT AWARDS

41.    Subject to the Court's approval, the City agrees to pay awards for the services provided to the class by each Class Representative, including engaging in discovery and being deposed, in the amount of $21,500.00 (Twenty-One Thousand Five Hundred Dollars). These service payment awards shall be in addition to any amounts otherwise due to them with respect to their individual claim as Class Members.

## FUNDING OF THE SETTLEMENT

42.    No later than fifteen (15) days after the Preliminary Approval Order, the City shall pay the Claims Administrator the costs necessary to fulfill the Proposed Notice Plan described in paragraphs 36 to 39 and any other notice requirements established by the Court in the Preliminary Approval Order. This initial payment shall be fifty percent (50%) of the total amount estimated to fulfil the Claims Administrator's duties to the Class, plus the reasonable cost for publishing the Class Notice Summary. If the Settlement is not ultimately approved by the Court,

10

then all such funds paid to the Claims Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to the City.

43.     Subject to the terms and conditions of this Stipulation and final approval of the Court, the City shall, by the Effective Date for Payment, deposit or cause to be deposited into a bank account designated by the Claims Administrator, the Total Class Settlement Amount. The Total Class Settlement Amount will be determined from the calculations made by the Claims Administrator of the eligible Claims Forms that are timely submitted.

44.     No payment shall be made to eligible Class Members before the Effective Date for Payment. Claims will be processed between the date of Preliminarily Approval and the Effective Date for Payment. Upon the Effective Date for Payment, processed claims may be paid.

45.     Within 45 days of the Final Approval Order, the City will pay the Class Representative Service Awards, as set forth in paragraph 41. Plaintiffs shall execute and deliver to the Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases, Affidavit of Status of Liens, and W-9s. Prior to tendering the requisite documents, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

46.     Within 45 days of the Final Approval Order or a court order as a result of a fee application (whichever is later), the City will pay Class Counsel any amount awarded by the Court for attorneys' fees and costs – unless a party appeals the Court's award of attorneys' fees, in which case, the City will pay Class Counsel the amount awarded by the Court for attorneys'

11

fees and costs within 15 business days of the final appellate decision or district court order concerning fees and costs. Class Counsel shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including without limitation, General Releases and W-9s.

47.     Any funds remaining of the Total Class Settlement Amount after award payments to Class Members and any bank account interest will revert to the City of New York one year after the Effective Date for Payment.

## CLAIMS ADMINISTRATOR

48.     The Parties agree that the Court should appoint Rust Consulting, Inc., as the Claims Administrator. Rust Consulting, Inc., has provided the Parties a proposal setting forth the estimated administrative costs of fulfilling the responsibilities set forth herein. The City agrees to pay the administrative costs set forth in the proposal from Rust Consulting dated February 10, 2023. Within 15 days of the Preliminary Approval Order, the City will pay Rust Consulting 50% of the amount set forth in the proposal from Rust Consulting dated February 10, 2023. Thereafter, the City will make payments for the work performed based on monthly Statements provided by Rust Consulting, Inc. as set forth herein paragraph 70. In no event will the City pay administrative costs in excess of $25,000.00, plus the reasonable cost for publishing the Class Notice Summary.

49.     The Claims Administrator shall (1) transmit the Claim Package, in both English and Spanish, to Class Members by means listed in this Stipulation unless otherwise directed by the Court; (2) establish a website where information about the Settlement will be available and where Class Members can ask, and receive responses to, questions; (3) publish the summary Class Notice as set forth in this Stipulation, unless otherwise directed by the Court; (4) respond to questions from Class Members; (5) review and assess the validity of information in the Claims Forms submitted by Class Members; (6) calculate the amounts of payments to the

12

individual Class Members consistent with this Stipulation; (7) arrange for and distribute payments to Class Members as set forth in this Stipulation; (8) arrange for reversion back to the City of any remaining amounts from the Total Class Settlement Amount and any remaining bank account interest; (9) create a database of Class Members who submitted timely and valid Claim Forms; (10) create a database of Opt Outs; (11) deduct any applicable liens from the Claim Awards and forward these deductions to the New York City Comptroller or any other appropriate agencies as set forth in this Stipulation; and (12) perform any other duties necessary to fulfill the foregoing responsibilities and any other responsibilities set forth in this Stipulation.

50.    The Parties agree to facilitate the work of the Administrator by, among other things, obtaining and providing to the Administrator information and data which are relevant and appropriate to facilitate the administration of this Stipulation, to the extent such information is disclosable to the Administrator under federal, state and/or local laws.

51.    Within 15 days of the Preliminary Approval Order, the Parties will provide the Administrator with spreadsheets containing the names of Class Members and other relevant information known to the Parties that is relevant to facilitate administration of this Stipulation. The City's obligation regarding the information listed in this paragraph only extends to the extent eligible Class Member provided accurate and complete information to NYPD.

52.    Information provided to the Administrator pursuant to paragraph 51 and as part of the claims administration procedure described in this Stipulation shall be confidential and may not be disclosed to anyone except Class Counsel, Defendants' Counsel, certain City agencies (including NYPD, Human Resources Administration ("HRA"), and the City Comptroller's Office), the Administrator, or if necessary, the Court under seal. Class Counsel and the

Administrator shall not disclose confidential information to any person not a member of their staff and only when necessary to facilitate the terms and conditions of this Stipulation.

        53.     To facilitate the release of personal identifying information of the Class Members within the parties' possession and not disclosable to the Administrator under federal, state and/or local laws, the Parties will submit to the Court a proposed confidentiality order related to the release of the information to the Claims Administrator, HRA, the City Comptroller's Office, and any other relevant City agencies. To the extent Class Counsel or the Administrator seeks to disclose this information to any other person or entity, they must first seek Defendants' Counsel's consent in writing. In addition, after consent is given, but before disclosing the confidential information to anyone else, including, any agent, contractor, or expert, the Administrator or Class Counsel shall first have such person or organization read and sign the confidentiality order. A signed copy of the exhibit to the confidentiality order shall be provided to Defendants' Counsel by expedited transmission immediately but no later than two business days after execution. Class Counsel and the Administrator shall take all reasonable steps to insure that the confidential information concerning all proposed Class Members and eligible Class Members remain private and confidential. In addition, the information provided regarding the Class Members will not be used for any other purpose other than in this Civil Action and for the administration of this Stipulation.

        54.     The Administrator will apply for a tax ID number, if necessary, and will take all necessary steps for the timely creation of a bank account to administer this Settlement. The Administrator shall provide to the City the tax ID number, a completed W-9 Form, and the routing and account information for the bank account to deposit the Total Class Settlement Amount, within twenty (20) days of the Final Approval Date.

55.     The Administrator will treat income taxes as the first priority for payment, and therefore, shall, on a quarterly basis, set aside an amount sufficient to pay all income taxes, if any, owed by the bank account on interest earned to date. The Administrator shall pay all income taxes, if any, on a quarterly basis. The City Comptroller's Office and Class Counsel shall have the right to inspect and copy all tax forms (and worksheets), and monthly bank statements of the Total Class Settlement Amount bank account. The City will not be responsible for taxes, penalties, or interest incurred on the Total Class Settlement Amount. The Administrator shall issue all required IRS forms.

56.     Within thirty (30) days of the Preliminary Approval Date, the Administrator shall mail a copy of the Claim Package by first class mail, postage prepaid, to all Class Members for whom a valid address is available.

57.     For any Claim Package that is returned with a forwarding address, the Claims Administrator will re-mail the Claim Package to the forwarding address within two weeks of receiving the returned envelope. In the event that a Claim Package is returned because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender", the Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Claim Package within two weeks of receiving the newly ascertained address; if no updated address is obtained for that Class Member, the Claim Package shall be sent again to the Class Member's last known address. With respect to envelopes marked "Return to Sender", the Claims Administrator will also call any identified last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Class Members for the purpose of obtaining the Class Members' current addresses.

15

58.     The Claims Administrator shall provide to Defendants' Counsel and Class Counsel, at least ten (10) days prior to the Final Fairness Hearing, a list of Class Members for whom Claim Packages were returned as undeliverable and for whom efforts to obtain an alternative address failed.

59.     To be eligible for payment of a Claim Award, Claim Members must timely submit a completed and signed Claim Form to the Administrator by the Bar Date, unless such date is extended by order of the Court. The Administrator shall reject Claim Forms that are untimely. A Claim Form is deemed submitted upon deposit in a prepaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the U.S. Post Office, when submitted for delivery by a commercial express carrier, when submitted to the Administrator through the Settlement website or by email, or when actually received by the Administrator, whichever date is earlier.

60.     Any eligible Class Member who fails to submit a Claim Form by the Bar Date, or any court-mandated extension thereto, shall be forever barred from receiving payment pursuant to this Stipulation. Such persons shall be bound by all of the terms of this Stipulation, and the judgment entered herein, including but not limited to the release of all Released Claims as defined herein at paragraph 30.

61.     Claims Award will be reduced as a result of outstanding New York child support liens. Award amounts may also be reduced as a result of unpaid City taxes including personal income tax, real estate related taxes, unpaid parking tickets, unpaid Environmental Control Board fines; or any medicaid costs correctly paid against bills from the New York City Health and Hospitals Corporation. No benefits currently received by Claim Member may be terminated as a result of payment of a Claim Award unless required by federal or state law

16

regulations. This does not constitute a waiver of any right to separately recoup overpayments or any amounts owed solely to federal or state governments if such is required by federal or state law or regulation.

62.     Every thirty (30) days after the Claim Packages are sent, the Administrator shall provide the Parties with a list of Claims Forms received to date.

63.     If the City identifies any Claims Form(s) that it believes should be rejected, the City shall provide Class Counsel written notice thereof and the reasons therefore. The Parties shall confer within fifteen (15) days after the City provides such notice to Class Counsel. If the Parties cannot reach agreement on whether the disputed Claims Form(s) should be accepted or rejected, the Parties may submit any such disputes to the Court for determination at the time the motion for Final Approval is filed.

64.     The City may, on a rolling basis, determine whether any Claims Awards will need to be reduced as a result of New York child support liens. Within 70 (seventy) days of receiving the final list of Claims Forms received, the City shall provide the Administrator with a list of those Class Members who have New York child support liens and the amount that shall be deducted from each such Class Members' Claim Award by the Administrator to be forwarded to the beneficiary of the child support lien by the City Comptroller's Office. Prior to providing this list, the City shall send each Class Member owing child support liens a notice describing that they owe these liens and information on how to file a challenge regarding the deduction of the child support liens from the Claim Award. If the City later determines that the amount of the lien was incorrect, the City shall directly pay that person the over-deduction of the amount that was withheld from that person's Claim Award. The Administrator shall follow a similar procedure to the

17

extent parking violation liens are assessed by the Department of Finance, or other applicable liens are assessed by the New York City Comptroller's Office or another agency.

65.    The Administrator shall mail letters and/or otherwise contact Class Members who by the Bar Date submit partially completed Claim Forms that are deficient to provide such Class Members ten (10) additional business days to validate their Claim Forms. The absence of a social security number shall not be a basis for withholding payment of a Claim Award to an otherwise eligible Class Member if the Administrator can otherwise confirm the identity of that individual through sufficient and appropriate identification documentation.

66.    The Administrator shall begin to submit payment for all valid Claims Awards within ten (10) days of receipt of the Total Class Settlement Amount from the City.

67.    Rights and claims hereunder shall survive the death of Class Members. If a Class Member who is eligible to receive monetary relief under this Stipulation is deceased, the amount payable to such deceased eligible Class Member shall be paid to the appropriate representative of his/her estate. The representative of the estate shall provide proof of death and appropriate documentation to show that she/he is properly a representative of the estate. If the Administrator determines, after reasonable opportunity has been given, that there is insufficient information or proof regarding the deceased person's estate to permit such payment, the deceased person's Claim Award shall be distributed in accordance with the terms set forth in paragraphs 40 and 64.

68.    To the extent that the Administrator and/or Class Counsel receive inquires that they cannot resolve, the Administrator and/or Class Counsel shall group such inquires and submit them in writing to a designated person at the Office of Corporation Counsel on a recurring

18

basis, but not more often than a weekly basis. Results of the investigations of such inquires will be provided in writing.

69.     The Administrator has the discretion to void checks mailed to eligible Class Members that are not cashed within 90 days of issuance. Notice of this procedure will be provided at the time the checks are issued. Class Counsel, on written notice to the City and the Court, shall have the discretion to: (a) reissue the checks, or (b) issue checks to persons who make late claims for good cause shown. If permission is granted to make late claims for good cause shown, any amount due and owing attributable to New York child support liens or other liens shall be deducted and forwarded to the City prior to any payment to an eligible Class Member who submitted a late claim.

70.     The Claims Administrator will submit monthly statements to Class Counsel and the City identifying the administrative costs incurred. A copy of the Claims Administrator's final accounting shall also be provided to the City and the Court in connection with the motion for final approval.

## EXCLUSION FROM THE SETTLEMENT

71.     Any Class Member who wishes to be excluded from the Settlement must by the Bar Date:

> i.     submit to the Claims Administrator a written request to opt out of the settlement as described in the Class Notice, or
>
> ii.    have a separate lawsuit pending before the Preliminary Approval Date and not file a Claim Form.

72.     Any Class Member who has a separate lawsuit pending before the Preliminary Approval Date and who files a Claim Form will be bound by this Stipulation and the releases described below in paragraph 76.

19

73.     Originals of all opt out requests shall be retained by the Administrator until such originals are filed with the Court.

74.     Named Plaintiffs will not request exclusion from this Settlement. A list of all opt outs, as well as copies of the opt out requests sent to the Administrator, shall be provided to Class Counsel and Defendants' Counsel.

75.     Any Class Member who is not excluded from the Settlement pursuant to paragraph 76 shall conclusively be deemed to be bound by this Stipulation and by all subsequent proceedings, orders, and judgments herein.

## RELEASES

76.     Upon the Effective Date for Payment, in consideration for the agreements between the Parties and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, all Class Representatives and Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns shall hereby release, remise and forever discharge any and all of the defendants as well as their past or present affiliates, subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, insurers and any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, heirs, successors in interest or assigns of the Defendants, from each and every Released Claim, and shall forever be barred and enjoined from initiating, continuing, filing or otherwise prosecuting any Released Claim against any of the Released Parties. Unless a Class Member opts out of the Settlement pursuant to paragraphs 71 through 75 this release shall apply whether or not such Class Member has executed and delivered a Claim Form or otherwise actively participated in the Settlement.

77. Every Class Member, except for those who opt out of the Settlement pursuant to paragraph 71 through 75 shall be deemed to and shall have knowingly and voluntarily waived, released, discharged and dismissed the Released Claims, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them. No Class Member who is excluded or opt out shall share in any monetary benefits provided by this Stipulation.

78. The Parties and Class Members acknowledge that the covenants and promises made by the City and Defendants herein constitute adequate consideration in exchange for the Released Claims.

79. Nothing in this Stipulation shall be construed to bar any claims of Class Representatives or Class Members based on or arising out of events occurring after the date of the Final Approval Order.

80. The Parties hereby agree not to appeal any aspect of this Stipulation, or to otherwise collaterally attack or challenge this Stipulation, except any award of attorneys' fees.

## ATTORNEYS' FEES AND COSTS

81. The City will pay Class Counsel reasonable attorneys' fees and costs. The parties will continue to negotiate the amount for that payment, and Class Counsel will make an application seeking Court approval for the final amount as agreed to by the City or on Class Counsel's motion. Defendants reserve the right to respond to any motion by Class Counsel for attorney's fees, and all parties reserve the right to appeal any court decision awarding such fees and costs.

82. Within 45 days after a Court order concerning attorneys' fees and costs, or any appeal thereof, the City will pay Class Counsel the amount awarded as attorneys' fees. Class

21

Counsel shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases and W-9s.

## DISMISSAL OF CLAIMS AGAINST INDIVIDUAL DEFENDANTS

83. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, any and all of the claims and rights of action arising out of the facts and circumstances that are the subject of this action, and that were asserted or could have been asserted by or on behalf of Plaintiffs against Defendants former Mayor Bill De Blasio, Terence A. Monahan, Kenneth Lehr, Robert Gallitelli, Harry Wedin, John D'Adamo, Gerard Dowling, Julio Delgado, Kenneth Rice, Thomas Garguilo, John Migliaccio, and Thomas Mosher; their successors and assigns, and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, are hereby dismissed and discontinued, with prejudice, and without additional attorney's fees, costs or disbursements to any party in excess of the amount authorized by the Court or agreed upon by the Parties as stated in this Stipulation.

## MUTUAL FULL COOPERATION

84. The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Stipulation and exercise good faith efforts to accomplish the terms and conditions of this Stipulation.

## EFFECT OF THE STIPULATION ON THE PENDING CIVIL ACTION AND CONTINUING JURISDICTION

85. The Court, and any appellate court from which appeals of the Court's decisions may properly be brought, shall retain jurisdiction for the implementation and enforcement of the terms of this Stipulation, and the Parties hereto and their counsel shall submit to the exclusive jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

22

86. Plaintiffs will take all necessary and appropriate steps to obtain approval of this Stipulation and dismissal of this Civil Action with prejudice. If the Court approves this Stipulation, and if there is an appeal from such decision, Defendants will join Plaintiffs in defense of the Stipulation.

87. On the Final Approval Date, or a later date as determined by the Court, the Court will dismiss the above-captioned action, with prejudice and without costs, expenses, or fees in excess of the amount authorized by the Court or agreed upon by the Parties.

88. The terms of this Stipulation shall be a full, final, and complete resolution of this Civil Action.

## MODIFICATION OF THE STIPULATION AND ORDER

89. This Stipulation represents the entire agreement among the Parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions herein. This Stipulation can be modified only on the written consent of all counsel for the Parties.

## COUNTERPARTS

90. This Stipulation may be executed in one or more counterparts, each of which shall be an original and all of which together shall constitute one and the same instrument, and will be binding when it has been executed and delivered by the last signatory. A facsimile or scanned signature is an original signature for purposes of this Stipulation.

## GOVERNING LAW

91. This Stipulation shall be governed by and construed and interpreted according to the laws of the State of New York without reference to conflicts of law principles.

23

## MUTUAL INTERPRETATION

92. The Parties stipulate that this Stipulation was negotiated at arm's length between parties of equal bargaining power, to resolve a bona fide dispute between the Parties concerning liability and the availability of equitable relief and damages. Also, Class Counsel and Defendants' Counsel jointly drafted this Stipulation. Accordingly, this Stipulation shall not be construed in favor of or against any of the Parties. Neither Party shall be considered the drafter of this Stipulation for purposes of interpreting the Stipulation, or the application of any rule of construction.

93. Any dispute regarding interpretation of this Stipulation, including but not limited to any Class Member's eligibility for a Claims Award, may be submitted to the Court for determination, consistent with the parties' agreement on issues to present to the Court.

## BINDING UPON SUCCESSORS

94. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective personal representatives, administrators, heirs, successors, and assigns.

## NULLIFICATION

95. This Stipulation is null and void in the event that any of the following do not occur:

    i. Preliminary Approval of this Stipulation by the Court; or

    ii. Final Approval by the Court.

Dated: February **28**, 2023
New York, New York

***Attorneys for Plaintiffs***

By: _____

Joshua S. Moskovitz, Esq.
HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(212) 729-0952
JM@HamiltonClarkeLLP.com

By: _____

Douglas E. Lieb, Esq.
Alison Frick, Esq.
KAUFMAN LIEB LEBOWITZ & FRICK LLP
18 E. 48th Street, Suite 802
New York, New York 10017
(212) 660-2332
dlieb@kllflaw.com
africk@kllflaw.com

By: _Michael L. Spiegel_

Michael L. Spiegel, Esq.
48 Wall Street, Suite 1100
New York, New York 10005
(212) 587-8558
mikespieg@aol.com

By: _____

Rob Rickner, Esq.
RICKNER PLLC
14 Wall Street, Suite 1603
New York, New York 10005
(212) 300-6506

***Attorneys for Defendants***
HON. SYLVIA HINDS-RADIX
Corporation Counsel of the City of New
York 100 Church Street
New York, New York 10007

By: _____

Genevieve Nelson
Omar Siddiqi
Jenny Weng

**Fairness hearing set for October 24, 2023 at 10:00 a.m. [or _____].**

SO ORDERED

_____
HON. COLLEEN MCMAHON

3-3-2023

25