# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SAMIRA SIERRA, AMALI SIERRA,
RICARDO NIGAGLIONI, ALEX GUTIERREZ,
and CHARLES HENRY WOOD, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

    -against-

CITY OF NEW YORK, a municipal entity; and
BILL DE BLASIO, TERENCE A. MONAHAN,
KENNETH LEHR, ROBERT GALLITELLI,
HARRY WEDIN, JOHN D'ADAMO,
GERARD DOWLING, JULIO DELGADO,
KENNETH RICE, THOMAS GARGUILO,
JOHN MIGLIACCIO, THOMAS MOSHER,

                    Defendants.



SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2023

20-CV-10291 (CM)(GWG)
20-CV-10541 (CM)(GWG)

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF THE SETTLEMENT CLASS, DETERMINATION THAT THE NOTICE TO THE CLASS WAS CONSISTENT WITH THE COURT'S PRELIMINARY APPROVAL ORDER, APPROVAL OF SERVICE AWARD PAYMENTS, AND APPROVAL OF CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS THROUGH MARCH 3, 2023**

WHEREAS, on December 7, 2020, Plaintiffs Samira Sierra, Amali Sierra, Ricardo Nigaglioni, and Alex Gutierrez commenced an action by filing a complaint under No. 20-CV-10291 (the "Sierra Action"), on behalf of themselves and all others similarly situated, alleging violations of the U.S. Constitution and state law;

WHEREAS, on December 14, 2020, Plaintiff Charles Henry Wood commenced an action under No. 20-CV-10541 (the "Wood Action"), on behalf of himself, alleging violations of the U.S. Constitution and state law;

WHEREAS, on September 16, 2022, Plaintiffs filed a consolidated and Amended Class Action Complaint on behalf of themselves and all others similarly situated alleging violations of the U.S. Constitution and state law, and consolidating the Sierra Action and the Wood Action as this single Action (the "Action") for all purposes;

WHEREAS, Defendants have denied any and all liability arising out of Plaintiffs' claims;

WHEREAS, in this Action, Plaintiffs seek, on behalf of themselves and the Class, monetary damages from Defendants for alleged violations of law;

WHEREAS, Named Plaintiffs Samira Sierra, Amali Sierra, Ricardo Nigaglioni, Alex Gutierrez, and Charles Henry Wood, individually and on behalf of the class of individuals they represent (collectively, "Plaintiffs," the "Class," or "Class Members"), and Defendant City of New York (the "City"), have entered into a settlement agreement dated February 28, 2023 (the "Settlement" or the "Settlement Agreement") that, if approved by the Court, would resolve Plaintiffs' claims against Defendants in this action, with the exception of certain of Plaintiffs' attorneys' fees and costs as specified below;

WHEREAS, on March 3, 2023, the Court issued an Order preliminarily approving the Settlement; conditionally certifying the Class pursuant to Federal Rules of Civil Procedure 23(c) and 23(e); appointing Hamilton Clarke, LLP, Rickner PLLC; Michael L. Spiegel, Esq., and Kaufman Lieb Lebowitz & Frick LLP as class counsel; approving the Parties' proposed class settlement notice procedure; and appointing Rust Consulting, Inc., as Class Administrator (the "Preliminary Approval Order");

WHEREAS, pursuant to paragraph 83 of the Settlement Agreement, Plaintiffs' claims against the individual Defendants were voluntarily dismissed and the City remains a party to the Action as the settling Defendant;

WHEREAS, the Court held a Fairness Hearing on October 24, 2023, to determine, among other things: (i) whether the Court should approve the proposed Settlement as fair, reasonable, and adequate; (ii) whether the Court should grant final certification of the Class for settlement purposes; (iii) whether the Court should determine that the notice to the class was materially consistent with the Court's Preliminary Approval Order; (iv) whether the Court should approve the Named Plaintiffs' service award payments; and (v) whether the Court should approve the parties' agreement to pay attorneys' fees and costs incurred through March 3, 2023; and

WHEREAS, the Court received submissions and held a Fairness Hearing; and

WHEREAS, before the Court is Plaintiffs' Unopposed Motion for Final Approval of the class action settlement, final certification of the Settlement Class, approval of service award payments to the Class representatives, and approval of the settlement of attorneys' fess and costs through March 3, 2023 to Class Counsel;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, as follows:

1. <u>Definitions</u>. To the extent terms are not defined in this Order, the Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2. <u>Certification of Settlement Class</u>. The Court hereby confirms certification of the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3): All persons who were detained, arrested, and/or subjected to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx during the "George Floyd protest" in Mott Haven, and all persons who also were given a summons or Desk Appearance Ticket following their arrest at that location, and allege any of the Released Claims described in Paragraph 30 of the Settlement Agreement, *excluding* (i) individuals who have settled claims

with the New York City Comptroller's Office arising out of the events of June 4, 2020, on East 136th Street from Brown Place to Brook Avenue at Mott Haven, in the Bronx, New York; (ii) individuals who brought lawsuits against the City and/or individual members of NYPD arising out of the events on June 4, 2020 on East 136th Street from Brown Place to Brook Avenue, at Mott Haven, in the Bronx, New York, and whose claims were settled, dismissed, or otherwise disposed; and (iii) individuals who had separate pending lawsuits on or before March 3, 2023, against the City and/or individual members of the NYPD arising out of the events on June 4, 2020 on East 136th Street from Brown Place to Brook Avenue at Mott Haven, in the Bronx, New York and did not file claim forms to participate in this Settlement.

3. <u>Rule 23 Findings</u>. For purposes of the settlement of this Action only, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Federal Rule of Civil Procedure 23 and any other applicable laws are satisfied with respect to the Settlement Class being finally certified:

  a. The Settlement Class is ascertainable;

  b. The Settlement Class is so numerous that joinder of all members would be impracticable;

  c. Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Settlement Class members;

  d. Based on Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Settlement Class members, the Named Plaintiffs' claims are typical of those of the other members of the Settlement Class;

  e. The Named Plaintiffs have fairly and adequately protected the interests of the members of the Settlement Class; in that (i) their interests are

consistent with those of other class members, (ii) Class Counsel are able and qualified to represent each of the Settlement Class Members, and (iii) the Named Plaintiffs have fairly and adequately represented all of the Settlement Class members in obtaining monetary relief and entering into the Settlement Agreement;

f. For settlement purposes, questions of law and/or fact common to members of the Settlement Class predominate over such questions affecting only individual Settlement Class members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these findings for settlement purposes, the Court has considered, among other things, (i) the Settlement Class members' interests in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions. (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4. The Court certifies this Settlement Class for the sole purpose of consummating the settlement of this Action in accordance with the Settlement Agreement.

5. If there is an appeal and an appellate court does not uphold this Court's final approval of the proposed Settlement, this Settlement Class certification shall be void *ab initio*, shall be of no force or effect whatsoever, and shall not be used for any purpose whatsoever, including in any further class certification proceedings in this case.

6. Certification of Named Plaintiffs, Appointment of Class Counsel, and

5

Administrator. Solely for the purposes of the proposed Settlement, the Court hereby confirms: (i) its certification of Samira Sierra, Amali Sierra, Ricardo Nigaglioni, Alex Gutierrez, and Charles Henry Wood as the Class Representatives; (ii) its appointment of Hamilton Clarke, LLP; Rickner PLLC; Michael L. Spiegel, Esq.; and Kaufman Lieb Lebowitz & Frick LLP as class counsel pursuant to Federal Rule of Civil Procedure 23(g); and (c) its appointment of Rust Consulting, Inc. as the settlement administrator (the "Administrator").

7. Proof of Notice. The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the directives in the Preliminary Approval Order and the notice plan set forth in the Settlement Agreement. The Court finds that the distribution of Notices and Claims Forms and the notice methodology implemented by the Parties complied with the Preliminary Approval Order and confirms its prior finding that such notice: (i) constituted the best practicable notice; (ii) constituted notice reasonably calculated under the circumstances to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the Release of Claims), Class Members' right to object, Class Members' right to opt out or be excluded from the Class, and Class Members' right to be heard at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive such notice (including any state or federal authorities required to receive such notice under 28 U.S.C. § 1715); and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

8. Settlement Approval. The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length between the Parties and

6

their counsel and was entered into in good faith. None of the terms and provisions of the Settlement has material deficiencies or improperly grants preferential treatment to any individual Class Members. Accordingly, the proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

9. In making these findings, the Court considered, among other factors: (i) the nature and strength of the claims asserted by Plaintiffs and the nature and strength of the defenses asserted by Defendants; (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained; (iii) the amount and kinds of benefits offered in the proposed Settlement; (iv) the allocation of proceeds of the Settlement as set forth in the Settlement among Class Members; (v) the stage of the proceedings at which the proposed Settlement was reached; (vi) the information available to the Parties and the Court; (vii) the experience and views of the Parties' counsel; (viii) the potential Class Members' reactions to the proposed Settlement, including the number of claims made, the number of objections filed by Class Members, and the number of exclusion requests submitted by Class Members; (ix) the submissions and arguments made throughout these proceedings by the Parties; and (x) the submissions and arguments made in connection with the Fairness Hearing.

10. <u>Implementation of the Agreement</u>. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions, with the exception that Paragraph 59 of the Settlement is modified, by stipulation of the Parties, to permit the acceptance of claims submitted through September 30, 2023.

11. <u>Releases</u>. The release of claims set forth at Paragraphs 76-80 of the Settlement Agreement is expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Settlement Agreement), and without modifying or limiting the full language of the release provisions in the Settlement Agreement, the release of claims set forth in the Settlement Agreement shall be given full force and effect as to all Released Parties.

12. <u>Total Award Payment to the Class</u>. Pursuant to Paragraph 40 of the Settlement Agreement, each eligible Class Member will be paid $21,500.00 (Twenty-One Thousand Five Hundred Dollars). An additional $2,500.00 (Two Thousand Five Hundred Dollars), for a total of $24,000 (Twenty-Four Thousand Dollars), will be paid to 31 Class Members who were also given a Desk Appearance Ticket ("DAT").

13. The Class Administrator has calculated the total awards payout to be $4,872,000.00 ("Total Class Settlement Amount"). The City, in consultation with the Claims Administrator, shall make best good faith estimates of the maximum amount that shall be deducted from any awards due to Department of Finance liens and for New York child support liens. If any additional amount is determined to be owed to the City due to these liens, the Claims Administrator shall return that amount to the City.

14. All checks mailed to the Class Members shall bear the notation "VOID IF NOT CASHED WITHIN 90 DAYS AFTER ISSUANCE."

15. <u>Funding Settlement.</u> By the Effective Date of Payment (as defined in the Settlement Agreement), the City will deposit or cause to be deposited into a bank account created for this purpose by Class Administrator the Total Class Settlement Amount in Paragraph 13 above. Any funds remaining of the Total Class Settlement Amount after payment of awards and any bank account interest will revert to the City within one year of the Effective Date of

Payment.

16.     Payment to the Class Administrator. The City shall pay any remaining administrative cost to Rust Consulting up to the agreed-upon amount of $25,000.

17.     Binding Effect. The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties, as those terms are defined in the Settlement Agreement. This Order shall have res judicata and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to the Released Claims.

18.     Service Awards. The Court finds that the requested service awards of $21,500 to each to the Named Plaintiff (Samira Sierra, Amali Sierra, Ricardo Nigaglioni, Alex Gutierrez, and Charles Henry Wood), totaling $107,500 (One Hundred and Seven Thousand, Five Hundred Dollars), to be paid in addition to the class settlement awards owed to them, are reasonable under the circumstances. These service awards shall be paid directly by the City to the Named Plaintiffs consistent with the applicable provisions of the Settlement Agreement. Within 45 days after the Court order, the City will pay the Named Plaintiffs the service awards ordered. The Named Plaintiffs shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases and W-9s.

19.     Attorneys' Fees and Costs. The Court finds that the requested negotiated payment of $2,250,000.00 in attorneys' fees and expenses to Class Counsel for work performed through the Preliminary Approval Date of March 3, 2023, is reasonable. In making this finding, the Court has considered, among other factors, (i) that the negotiated fee agreement came only after agreement had been reached on the substantive terms benefitting the Class; (ii) that the fee negotiations were done at arm's length; (iii) that Class Counsel disclosed to the Class that it

9

would seek up to $2,550,000 in fees incurred through the Preliminary Approval Date and no objections were made; (iv) Class Counsel's lodestar—the product of its reasonable hourly rates and the hours expended on this litigation—is significantly greater than the requested negotiated amount of $2,250,000; and (v) the requested negotiated amount is less than one-third of what the total settlement payout would be. This Amount shall be paid by the City in a combination of payments payable directly to Class Counsel and/or the funding of annuities to provide future periodic payments consistent with the applicable provisions of the Settlement Agreement. Within 45 days after a Court order concerning attorneys' fees and costs, or any appeal thereof, the City will make payments to Class Counsel, plus the annuity premium to the applicable life insurance or assignment company, in the total sum of $2,250,000. Class Counsel shall provide any necessary and relevant information concerning the annuity and execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases and W-9s.

20. With respect to Class Counsel's fees and costs incurred after March 3, 2023 only, Class Counsel will make an application for an award of such attorneys' fees and costs that are fair, reasonable, and appropriate; the Court will retain jurisdiction over such an application and to order and approve an award of such attorneys' fees and costs; and the entry of this Order shall not release any remaining claim Class Counsel will seek to make for such attorneys' fees and costs after March 3, 2023.

21. <u>Resolution of Disputes as to Class Membership</u>. With respect to the three putative class members whose status as Class Members is disputed by the City, those claims are referred to Magistrate Judge Gorenstein for a determination of their status as Class Members. That decision shall be final and shall not be appealable. The Court will also retain jurisdiction beyond

the entry of this Order to make those determinations.

22. Anyone who is adjudicated not to be a member of the Class shall not be subject to the Release referenced in this Order or the Stipulation of Settlement. To the extent any payments are made, such payments shall be consistent with the payments and deductions of other claims.

23. Late Claims. The Court will permit the inclusion of the seven claims filed after the Bar Date of August 30, 2023, but by September 30, 2023, and one claim to be filed before October 31, 2023 based on the parties' agreement. These eight claims shall be included in the Total Class Settlement Amount calculated by the Claims Administrator. Payment of these awards will be consistent with the payments and deductions of other claims. Other claims received after September 30, 2023, shall be denied as late and shall not be considered or paid.

24. Retention of Jurisdiction. The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including approving and awarding Class Counsel's fees and costs incurred after March 3, 2023, resolving disputes over class membership as set forth in paragraph 21, the implementation and enforcement of the terms of the Settlement and of this Order and the Judgment, and for any other reasonably necessary purpose.

25. Dismissal of Action. The claims asserted in this Action are hereby dismissed with prejudice with the exception of Class Counsel's fees and costs incurred after March 3, 2023.

26. Entry of Judgment. The Court will separately enter judgment in accordance with Federal Rule of Civil Procedure 58.

Case 1:20-cv-10291-CM Document 189 Filed 10/25/23 Page 12 of 12

Dated: October 25, 2023

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge

12