

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**GENEVIEVE NELSON**
Phone: 212-356-2645
gnelson@law.nyc.gov

January 10, 2024

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        In Re:  <u>Sierra/Wood, et al v. City of New York, et al.</u>
                20 Civ. 10291 (CM)(GWG)

Your Honor:

    I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. The City writes in response to the recent correspondence submitted by Nicholas Entwistle. (Dkt. No. 197). For the reasons set forth herein, we respectfully request that the Court deny his request.

**<u>Relevant Procedural History</u>**

    The Stipulation of Settlement and Order, so-ordered by the Court on March 3, 2023, provides a schedule for the class action settlement in this matter. It includes a "Bar Date" which was to be 180 days after the Preliminary Approval Date, or August 30, 2023. In the Stipulation, the Bar Date is defined as "…the date established by the Court by which any presumptive Class Member who wishes to receive payment pursuant to this Stipulation *must submit a Claim Form*." (Dkt. No. 171, ¶5) [emphasis added].

    As this Court may recall, the Bar Date was extended to September 30, 2023 at Class Counsel's request to allow the inclusion of eight late claims that missed the August 30th deadline. (See, Decision Granting Plaintiff's Motion for Final Approval of Class Action Settlement, Final Certification of the Settlement Class, Determination that the Notice to the Class was Consistent with the Court's Preliminary Approval Order, Approval of Service Award Payments and Approval of Class Counsel's Attorney Fees and Cost Through March 3, 2023, Dkt. No. 188, 9). That extension was un-opposed by the City and granted by the Court.

From information provided to the City from Wylie Stecklow, Esq.,[1] he was retained as Entwistle's private counsel in November, 2021.  It appears that in November 2021, Entwistle, though his attorney, Stecklow, filed a Notice of Claim with the New York City Comptroller's Office concerning a protest on June 4, 2020 at Mott Haven.  Thereafter, Entwistle provided testimony on his state law claims on January 6, 2022, in conjunction with that Notice of Claim and pursuant to General Municipal Law ("GML") §50-h.  However, the Comptroller never received a request for a conference to negotiate settlement regarding the Notice of Claim.

Upon information and belief, on April 3, 2023, the Claims Administrator mailed the claim package to "Ryan Entwhistle Nicholas" at an address on Meador Avenue, in Atlanta Georgia, which is the name and address provided when the police issued the summons to him in June 4, 2020. According to his private attorney, this address, which was given to the police on June 4, 2020, was accurate until Entwistle moved to another residence.  While we do not know whether Entwistle's mail was forwarded to his other address, pursuant to the Claims Administrator, that claims package was not returned to sender.

On October 31, 2023, weeks after the extended Bar Date, an email was received from Stecklow concerning whether Entwistle could be included in the settlement.  On November 1, 2023, an inquiry was also made by Class Counsel.  Various communications followed, including a meeting with Class Counsel to discuss this issue.  The City considered all the information provided, and on November 24, 2023, the New York City Law Department advised Stecklow (copying Class Counsel), whom we believe was Entwistle's counsel, that it had determined that the City could not agree to allow Entwistle to submit a late claim.

**Notice of the Class Action Settlement to Entwistle was Adequate**

Notice of the settlement was proper and more than adequate.  Under Rule 23(c)(2) of the Federal Rules of Civil Procedure, "for any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified with reasonable effort." Under this rule, it is not required that every class member receive actual notice "so long as class counsel acted reasonably in selecting means likely to inform the persons affected." See Powers v. City of New York, 2007 U.S. Dist. LEXIS 27704, *12 (E.D.N.Y. Mar. 30, 2007) (citing Denny v. Jenkins & Gilchrist, 230 F.R.D. 317, 343 (S.D.N.Y. 2005)).

Notice of the settlement took various forms which were documented in various submissions to this Court. (See Dkt Nos. 181-183, 188-189)  Rust Consulting, Inc., as the Claims Administrator, mailed claims packages to every identified class member. (Dkt No. 182, ¶5). Advertisements were placed in the Daily News and in the Spanish language newspaper El Diario. (Dkt. 182, ¶9).  Class Counsel and some of the Class Representatives gave press interviews. (Dkt. 181, ¶5(a)).   There was also coverage by The New York Times, the Washington Post, the New

---

[1] Stecklow is Class Counsel on another class action pending before this Court, Sow, et al. v. City of New York, 21 Civ. 0533 (CM)(GWG). This case, as well as Sow, was part of ten cases consolidated under In re: New York City Policing During Summer of 2020, 20 Civ. 8924 (CM) (GWG).

York Daily News, the New York Post and Gothamist as well as ABC, CBS, NBC and Fox, as well as on social media. (Dkt. No. 181, ¶5).

Additionally, Mott Haven settlement was a matter of national public interest and was reported by major television corporations, the Associated Press, many online sites and various newspapers. Indeed, Georgia-based Saporta Report had articles, including on September 4, 2023, discussing the settlement. See, https://saportareport.com/settlements-in-new-yorks-major-police-misconduct-cases-include-at-least-two-protesters-with-georgia-ties/columnists/johnruch/.

A website was also created to provide additional information to class members and anyone interested in learning more about the settlement. On the website, which was visited by 5,505 times (Dkt. No. 182, ¶11), Entwistle could have requested a claim form.

Because of the robust nature of the notice, Class Counsel reported logging communications from more than 130 individuals. (Dkt. No. 181, ¶7). From these, 43 additional potential class members were identified and 42 added to the Class.[2]

This Court has ruled that the notice of the settlement was adequate. The Final Order states that the distribution of Notices and claim forms and the notice methodology utilized in this matter "…constituted the best practicable notice" and that it "constituted notice reasonably calculated under the circumstances to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement and the effect of the settlement…" and that this "was reasonable and constituted due adequate and sufficient notice to all persons or entities entitled to receive such notice…" (Dkt. No. 189, ¶7).

Entwistle's reasons to the Court for failing to timely submit a claim form is unavailing. Entwistle had an advantage over other class members. He was represented by Stecklow who is one of the attorneys in the Consolidated Protest Cases under In re: New York City Policing During Summer of 2020, 20 Civ. 8924 (CM) (GWG), which included the two cases from this class action. As such, Stecklow as Entwistle's private attorney, was in a much better position than most of the public to know about the settlement deadlines in this matter. Indeed, in Class Counsel's response to Entwistle's letter, they advised that "[i]n March, Wylie Stecklow, who represented Mr. Entwistle, emailed us to ask about the status of the settlement." (Dkt No. 198). By that time the initial Bar Date or August 30, 2023 was set and thus known to Stecklow.

Class Counsel advised in their response that the incorrect recording of Entwistle's name and a stale address on the Class List provided to the Claims Administrator hampered their efforts to get in touch with him. (Dkt No. 198). However, on January 4, 2023, Class Counsel sent the City an initial Class List and Entwistle's name appeared on that spreadsheet (spelt "Entwhistle") along with the note "Added by Wylie, no paperwork."[3] Further, Stecklow had Entwistle's contact information and communicated with him about this settlement. (See Dkt No. 197). It appears

---

[2] One is being challenged and is under review.

[3] A revised Class List was sent by the City on March 3, 2023, which contained two entries for Entwistle: one under "Ryan Entwistle Nicholas" and the other under "Ryan Nicholas" as well as his Summons number and the address on that Summons.

though that this information, including the correct spelling of his name, was not conveyed to Class Counsel.

Entwistle tries to mitigate his failure to ever submit a claim form on Class Counsel and his private attorney not following up with him. However, as demonstrated above, he also could have made efforts in the months following his update with his attorney. Thus, this excuse is insufficient to relieve him of his obligation to timely submit a claim form.

To the extent the Court believes that some responsibility lies with his counsel, we note Stecklow contacted the City, *within* the Claims Period, to make an inquiry about *another* class member he represented. Stecklow could have done the same for Entwistle. It was only after the City followed up on whether the other individual submitted a claim form that Stecklow made the initial inquiry about Entwistle, which was after the extended Bar Date. Regardless, the City should not pay for counsel's mistake or Entwistle dilatory actions.

The reasons provided by Entwistle do not amount to good cause to grant him an exception. As such, the Court should deny his request.

### **The Court's Orders Preclude Entwistle's Untimely Claim**

The Stipulation of Settlement, so-ordered by the Court on March 3, 2023, defined the Bar Date as "…the date established by the Court by which any presumptive Class Member who wishes to receive payment pursuant to this Stipulation *must submit a Claim Form*" [emphasis added]. (Dkt. No. 171). Regarding late claims, the Final Order states that "[t]he Court will permit the inclusion of the seven late claims filed after the Bar Date of August 30, 2023, but by September 30, 2023, and one claim to be filed before October 31, 2023 based on the parties' agreement…*Other claims received after September 30, 2023, shall be denied as late and shall not be considered or paid*" [emphasis added]. (Dkt. No. 189, ¶23). Failure to submit a timely claim form constitutes failure to meet the precondition for participation in the settlement. See Kadian McBean, et al. v. City of New York, et al., 2012 U.S. Dist. LEXIS 110320, *6 (S.D.N.Y. 2012) (by failing to timely file a claim the class member had "…failed to meet the precondition for participation in the fund that was part of the settlement agreement that was 'so ordered' by the Court. Consequently, he is not entitled to any disbursement from the fund"). Thus, Entwistle's failure to timely submit a claim form by the date so-ordered by the Court means he is precluded from participation in the class settlement.

### **Fairness to Others in the Class**

It bears noting that fairness to the remainder of the Class dictates that the Court not grant Entwistle's application. The class was approximately 351 individuals. (Dkt. No. 188, 5). 222 out of 256 eligible members submitted claim forms that were accepted. (Dkt. No. 181, ¶4). There are many other members who did not submit claim forms. It would be unfair to those class members to now grant Entwistle's late application, while they are foreclosed from doing the same. See, McBean, 2012 U.S. Dist. LEXIS 110320, *9 ("it would be inequitable to vary the terms of the settlement for the benefit of [a late class member]"). Fairness to the City would mean that it can rely on the finality established by the court-ordered deadlines, including the Bar Dates. Id.

**Conclusion**

For the reasons set forth herein, we respectfully request that the Court deny Entwistle's application.

We thank the Court for its attention to this matter.

                                                  Respectfully submitted,

                                                  *Genevieve Nelson /s*
                                                  Genevieve Nelson
                                                  Deputy Chief
                                                  Special Federal Litigation Division

cc:  Nicolas Entwistle (by U.S. Mail)
      All Counsel (via ECF)