**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

January 17, 2024

**Via ECF**

Hon. Gabriel Gorenstein
United States Magistrate Judge
Southern District of New York

    Re: *Sierra v. City of New York*, 20 Civ. 10291, 20 Civ. 10541

Your Honor,

    Along with Hamilton Clarke, LLP, Rickner PLLC, and Michael L. Spiegel, we represent the certified class of people "arrested, detained, and/or subjected to police force" during a George Floyd protest on June 4, 2020 at a specific location in the Bronx. On October 25, 2023, Judge McMahon granted final approval to the class settlement agreed to by Plaintiffs and the City of New York. ECF No. 189. In addition to approving the settlement, the Court referred the factual dispute over one putative class member falls within the class definition to Your Honor for final determination. *Id.* ¶ 21.[1] We write to begin that process and to provide the Court with the parties' positions on what that process should entail.

### *The Certified Class*

    The class certified by the Court for purposes of settlement is defined as follows:

> All persons who were detained, arrested, and/or subjected to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx during the "George Floyd protest" in Mott Haven, and all persons who also were given a summons or Desk Appearance Ticket following their arrest at that location, and allege any of the Released Claims described in Paragraph 30 of the Settlement Agreement.

The class excludes those who settled related claims and those who had separate lawsuits regarding the protest and did not opt-in to the settlement.

    At the conclusion of the claims process, 223 class members filed valid claims to participate in the class. That number includes 44 people who had not been arrested at the protest but were detained and/or subjected to police force and thus are class members. For those 44 individuals, Plaintiffs' counsel conducted video calls with each

---

[1] The order refers to "three" disputed class members, but the parties have resolved two of them. Only one class member remain in dispute.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

Alyssa Isidoridy  •  Pooja Shivaprasad

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

person, gathered any supporting documentation (like photos, videos, or text messages), and, when possible, corroborated the individual's account with other identified class members. We then discussed each person individually with lawyers for the City. The City reviewed those materials and ultimately agreed that 43 of the 44 self-identified class members were properly part of the class.

One claimant remains in dispute ("the Claimant"). She has provided an account of her experience on June 4 that, class counsel believes, shows that she falls within the class definition. The City maintains that she has not submitted sufficient evidence to prove her status as a class member. The parties have conducted several phone calls to discuss the Claimant but have not been able to resolve the question of this final putative class member.

### *Plaintiffs' Proposal*

To determine the class status of the Claimant, the Court will need to make a factual determination as to whether she is a member of the class. Since the class status of this claimant turns on her own statement of her experience on June 4, the Court's determination will ultimately require a credibility determination of the claimant's personal accounts. Accordingly, Plaintiffs propose that the Court conduct a brief evidentiary hearing at which the claimant may testify and be subject to appropriate cross-examination. In advance of the hearing, Class Counsel will submit a letter, for *in camera* review,[2] summarizing her experience at the protest and providing any supporting evidence that has been provided to us. The claimant lives in Maryland, and so Plaintiffs respectfully request that the hearing be conducted by telephone or video conference.

The City objects to this proposal, seeking to limit the Court's determination to only the facts that were provided to the City during the class period. But nothing in the settlement agreement or the Court order referring the dispute to Your Honor supports any such limitation. Fundamentally, the City misapprehends the exercise before this Court. It is not, as the City suggests, to determine "whether the material the Claimant provided during the Claims period is sufficient to meet the criteria to allow her to be part of the class," but instead *whether the Claimant is a member of the class*. The Court should use whatever tools it believes necessary to decide that question.[3]

### *City's Position*

The City opposes both the mechanism proposed by Class Counsel and the inclusion of the Claimant as a class member.

---

[2] All filings would be shared with opposing counsel.

[3] Plaintiffs also object to the City's request that it be relieved of its duty to pay reasonable attorneys' fees and costs. No support for that position can be found in the final Order of settlement, the settlement agreement, or the law.

Kaufman Lieb Lebowitz & Frick                                                                  January 17, 2024
Page 3 of 4

      As an initial matter, we must point out that the City would not have continued to challenge the Claimant's inclusion if the City did not have serious reservations about her claim. As acknowledged above, the City has been cooperative with Class Counsel and has ultimately accepted all but one of the 44 challenged claims. We believe the evidence that the Claimant provided put her squarely outside consideration as a class member.

      First, with respect to the proposed method for submission to the Court, the City has no objections with a process whereby the information shared with the Court *in camera* is also shared with it. However, we object to Class Counsel's proposal to the extent it means providing the Court with materials and/or information that were never provided to the City, and thus, was not available when it made its assessment of her claim during the Claims period. Such a proposal is undeniably prejudicial to the City because it would allow Class Counsel to provide information that was not available to the City during the appropriate timeframe – i.e. the Claims period.

      Moreover, contrary to Class Counsel's assertion, the City's position is not that the Claimant did not submit "sufficient evidence to prove her status as a class member." Instead, we assert that the evidence the Claimant provided unequivocally does not satisfy the Class Definition because her evidence fails to demonstrate she was "arrested, detained, and/or subjected to police force" on June 4, 2020 on East 136th Street between Brook Avenue and Brown Place in the Bronx during the "George Floyd protest" in Mott Haven. Thus, it is the City's position that the Court should be provided with the same material the City had for its review and evaluation of this claim.

      Furthermore, the Court should not be swayed by any ancillary information that Class Counsel may provide in its letter to decide whether the Claimant satisfied the requirements of the Class Definition. For example, information reported to Class Counsel, such as her emotional state, should not take priority over the one threshold question: whether the Claimant was detained, arrested or had force used against her at the subject protest in the Class Definition. As such, no further information is required for the Court to make its assessment other than what was already provided to the City during the Claims period. Accordingly, the Court should instruct Class Counsel to limit its letter and other evidence for *in camera* review, to what was provided to the City during the Claims period.

      Second, the City also respectfully submits that an evidentiary hearing to determine the Claimant's credibility is unnecessary, and is a complete waste of judicial time and resources. The Claimant's credibility is not an issue in this matter. Rather, the issue is whether the material the Claimant provided, and the City reviewed, during the Claims period is sufficient to meet the criteria to allow her to be part of the class. The City has determined that the Claimant's submissions demonstrated that she did not meet the criteria to be eligible for membership in the settlement class. Class Counsel believes she is part of the class. The Court now merely needs to review the same submissions received during the Claims period to make its determination. The Court does not need to hold an evidentiary hearing or entertain additional evidence.

Kaufman Lieb Lebowitz & Frick                                              January 17, 2024
Page 4 of 4

      Should the Court decide that a hearing is needed, the City respectfully requests that the hearing be conducted in person, and not by phone or video conference as Class Counsel suggests, so that the Claimant can be personally evaluated and vetted by the Court and the City. In addition, we respectfully request that the City not be billed over the millions of dollars already paid in attorneys' fees for such a hearing.

      We thank the Court for its attention to this matter.

                                                      Sincerely,

                                                    Alison Frick
                                                    Douglas E. Lieb

cc. All counsel (via ECF)