**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

January 29, 2024

**Via ECF**

Hon. Gabriel W. Gorenstein
U.S. Magistrate Judge
40 Foley Square
New York, NY 10007

     Re: *Sierra/Wood v. City of New York*, 20 Civ. 10291

Your Honor,

     This Court should allow Quase Beasley to participate in the historic class settlement in this case because she was subjected to police force at the corner of East 136th Street and Brook Avenue. She is a class member and is entitled to receive $21,500, just as every other class member—those arrested, detained, and/or subjected to police force at the protest—has received.

     Ms. Beasley, one of the leaders of the protest at issue in this case, fits squarely into the class definition because she was "subjected to force by police officers on June 4, 2020 on East 136th Street between Brook Avenue and Brown Place" during the George Floyd protest."[1] As she describes in her declaration, attached as **Exhibit A**, she was terrified as she and the other protestors were swarmed by countless police officers wielding batons. She recorded a video of the march, attached as **Exhibit B**, which shows her calmly and peacefully leading the front of the march, getting separated from the group when the officers on bicycles trapped the main group on East 136th Street, and trying to find safe ways to monitor the kettle and, eventually, leave the area. At minute 3:55 of the video, Ms. Beasley and others approach the line of police officers at the corner of East 136th and Brook Avenue. One officer shoves a civilian who was right in front of Ms. Beasley with such force that he falls back into Ms. Beasley, stomping on her foot. Ex. B at 3:55; *see also* Ex. A at ¶ 8. She was in so much pain that she thought she had broken a bone in her foot. Ex. A at ¶ 8; Ex. B at 9:24("I feel like I re-broke my foot.").

---

[1] The Class as finally approved by the Court on October 25, 2023, is defined as: "All persons who were detained, arrested, and/or subjected to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx during the 'George Floyd protest' in Mott Haven, and all persons who were given a summons or Desk Appearance Ticket following their arrest at that location. . . ." ECF No. 189 at ¶ 2.

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Alyssa Isidoridy • Pooja Shivaprasad • Kyla Magun

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

January 29, 2024

       That the force police used against Ms. Beasley was *indirect* instead of direct does not defeat her claim to class membership. Nothing in the settlement agreement nor the Court's final order requires that the force in question be used *directly* against a protestor to make them eligible for class participation. Indeed, such a rule would contradict the long-held understandings of "force" and battery. As the Supreme Court has noted, "the common-law concept of 'force' encompasses even its indirect application." *United States v. Castleman*, 572 U.S. 157, 170 (2014). And under New York law, a person can be liable for battery for indirect contact: "[I]t is sufficient for a defendant to set in motion the force that causes the contact." *Rothman v. City of New York*, No. 19 CIV. 0225 (CM), 2019 WL 3571051, at *16 (S.D.N.Y. Aug. 5, 2019) (McMahon, C.J.). *See also Castleman*, 572 U.S. at 170 ("'Force' in this sense describes one of the elements of the common-law crime of battery and the force used in battery need not be applied directly to the body of the victim." (cleaned up)). Nothing in this case counsels deviating from the common interpretation of "force."

       Similarly, the fact that Ms. Beasley was not *inside* the kettle is of no moment. The parties were careful in drafting the definition of the class to include *everyone* who was detained, arrested, or subjected to police force on East 136th Street between Brook Avenue and Brown Place. Other claimants who were never in the kettle—including those who, like Ms. Beasley, were on Brook Avenue and East 136th Street—were accepted by the City as class members. Ms. Beasley should not be treated any differently.

       In short, Ms. Beasley was a leader of the protest. She was jostled and shoved by police, hurting her foot in the process. She felt the same shock and terror as the other protestors. She is entitled to the same compensation.


                            Respectfully submitted,

                            Alison Frick