

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOSEPH M. HIRAOKA, JR.
*Assistant Corporation Counsel*
jhiraoka@law.nyc.gov
Phone: (212) 356-2413

February 12, 2024

**BY ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re: <u>Samira Sierra, et al. v. City of New York, et al.</u>
           20 Civ. 10291 (CM)(GWG)

Your Honor:

      I am a Senior Counsel in the Office of Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent the Defendant City in the above-referenced matter. Defendant writes in opposition to Class Counsel and Claimant's requests for Claimant to participate in the class settlement in this matter. (Dkt. No. 208). For the reasons set forth below, the Court should deny the requests.

      As an initial matter, Defendant must point out that they have been very collaborative with Class Counsel, and have accepted all but one of the 44 challenged claims. The evidence submitted during the class period and to this Court clearly demonstrates that Claimant is not part of the class, and should not be allowed to participate in the class settlement. The Class, as certified by the Court on October 25, 2023, is defined as "All persons who were detained, arrested, and/or subject to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx during the 'George Floyd protest' in Mott Haven, and all persons who were given a summons or Desk Appearance Ticket following their arrest at that location…." (Dkt. No. 189 at ¶2).

      Thus, to be part of the class you must have been: arrested, detained, and/or subject to force by police officers on June 4, 2020, on East 136th Street between Brook Avenue and Brown Place in the Bronx. Here, Claimant does not claim that she was arrested. Instead, Claimant argues that she was detained and subjected to force by police officers. Class Counsel appears to have dropped the argument that the Claimant was detained (see Dkt. No. 208, ¶1), and has

instead added a new argument of indirect force. To support her position, Claimant submitted a Declaration and a video. Defendant carefully reviewed both and are still of the opinion that both fail to support Claimant's contentions that she was subjected to force or that she was detained at the Mott Haven protest.

### Direct Physical Force was not Used Against Claimant

The video does not support the claim that physical force was used against Claimant by the police. While Class Counsel's letter states that the Claimant "was jostled and shoved by police, hurting her foot in the process" (Dkt. No. 208 at 2), neither the Claimant's Declaration nor the video supports this allegation.

First, Class Counsel claims the video shows an officer shoving a civilian who was in front of Claimant (Video, 3:55), which caused him to fall back into Claimant. (Dkt. No. 208 at 1). However, the video does not show that an officer shoved a male protester into Claimant. Rather, the video shows the officer used his hands to re-direct the male protester to move away from entering the area of the encirclement.[1] As the male protester turned away from the location, it appears he bumped into Claimant. (Video, 3:55 – 4:00). The video does not reveal anything that would support the premise that the male protester was shoved. He was not propelled in any direction, did not stumble or lose his balance before bumping into Claimant, Claimant did not fall due to the contact with the male protester, and no police force was used to initiate the contact between the male protester and Claimant.

Second, as to Claimant's belief, and Class Counsel's notation, that "her foot hurt so badly that" she thought her foot was broken after the male protester came into contact with her (Declaration, ¶ 8), the video refutes this claim. The video shows that Claimant did not complain of any pain immediately after the contact with the male protester. In fact, there was no cry or exclamation of pain and despite the Court's invitation to submit evidence in support of her application, no medical records to substantiate a claim of such serious injury were provided. Instead, after making contact with the male protester, she shouts something to the effect of "Stay on line!" and "Screen record my line!" (Video, 4:01 – 4:09) and continues to walk briskly throughout the remainder of the 20-minute video. Thus, Claimant cannot demonstrate a serious injury or even a minor one due to her actions on the video.

Third, Claimant mentioning that she felt like she re-broke her foot (Video, 9:24) is of no consequence because Claimant does not attribute this statement to any contact with the police officers or even with the earlier contact with the male protester.

Fourth, the video also does not support Claimant's assertion that police officers pushed and shoved her. (Declaration, ¶17). Nowhere on the video did Claimant make direct contact with any officer. Indeed, Class Counsel's letter only argues "indirect" force and states in pertinent part: "[t]hat the force police used against Ms. Beasley was *indirect* instead of direct

---

[1] NYPD uses the word "encirclement" to describe the actions that Class Counsel and Claimant refer to as "kettling."

does not defeat her claim to class membership." (emphasis in original).   (Dkt. No. 208 at 2). We disagree.

### Indirect Physical Force was not Used Against Claimant

Since Claimant cannot legitimately contend that the police used direct force against her, Class Counsel argues instead for the first time that indirect force was used against Claimant. As Class Counsel knows, however, this was never contemplated as part of the terms of the settlement. In fact, the class definition is clear to state that a class member must be "…subject to force *by* police officers." (emphasis added).[2] Further, others outside the encirclement were indeed accepted into the class because they were subjected to direct physical force or illustrated some form of meaningful detention. Claimant does not.

The case law that Class Counsel cites also fails to save this argument. Class Counsel relies on Rothman v. City of New York, 2019 U.S. Dist. LEXIS 131472 (S.D.N.Y. 2019) to contend that battery encompasses the indirect application of force. However, Class Counsel's reliance on Rothman is misplaced as the section quoted by Class Counsel concerned "civil battery." "Civil battery" is committed when there was bodily contact between the plaintiff and defendant, the contact was offensive, and the defendant *intended* to make the contact without the plaintiff's consent. Rothman, 2019 U.S. Dist. LEXIS 131472, *46. Here, there was no intent by any police officer to make physical contact with Claimant nor can Class Counsel or Claimant truthfully make that argument. Accordingly, since the record is devoid of any evidence that the officer intended to have the male protester make contact with Claimant, Claimant cannot credibly argue that indirect force was used against her. Similarly, threats of force against Claimant (Declaration, ¶ 3), is not supported by the video and is not part of the class definition.

### Claimant Was Not Detained

Claimant's video does not demonstrate that she was detained at the protest. In fact, Claimant's conclusory assertion that the police blocked her movements (Declaration, ¶ 3) is directly contradicted by what is clearly shown in the video.

Indeed, although the video contains instances where Claimant recorded and commented on other protesters being detained, it shows no instances where Claimant herself is confined (see e.g. Video at 11:26 where she states "*They* not moving. *They* kettled." In fact, Claimant was walking freely and was never confined during the entire course of the 20 minute video. The video shows her walking across the street from the encirclement and back again (Video, 4:14; 8:57; 12:03); encouraging others to join the protest (Video, 4:35); and eventually walking away *from* the location described in the class definition (Video, 12:13). There was even a point where Claimant and her group offered an explanation to the police and was allowed to immediately continue their journey (Video, 13:47). No one was seen holding batons and blocking her path.

---

[2] We note for the Court that while battery was dismissed as part of this settlement, there was no agreement that battery would be the part of the class definition.

(Declaration, ¶14))[3]   The video just does not show Claimant being blocked or otherwise detained.

Her Declaration further contradicts her bald assertions that she was detained. (See e.g. Declaration, ¶7 "A wall of bike cops now separated me from the main group of protestors;" ¶9 "I was scared we would be trapped like the group I had just been marching with were trapped;" ¶11 "I ran into the projects..;" ¶12 "As I was returning…;" ¶13 "We tried to reunite with our friends who were caught in the kettle…;" ¶15 "I and others walked to the top of Brown Place but the cops…forced us to go around another way;" ¶ 16 "When we arrived at the street the police told us to use…"). It should also be noted that the re-directing by the police not only does not constitute detainment but the location is up the block, away from the location requisite of the settlement class definition. (See Video, 13:40). Indeed, her claim that she was scared that she and others "would be trapped" (Declaration, ¶9) is also demonstrative that she was not detained but only feared that she would be detained. Fear is not enough. As mentioned above, only three types of actions by the police would allow entry into the class: arrest, detention and being subjected to force by the police officer. While Claimant's fear may have been real, it does not make her part of this class.

The veracity of Claimant's version of the events is further undermined by her own admission that she lied to the police. Claimant acknowledges that she pretended to be a reporter so as not to be detained. (Declaration, ¶ 6).[4] This subterfuge kept Claimant from the being included in the encirclement and now excludes her from participation in the settlement.

**Conclusion**

Claimant's own video and Declaration controverts the claim that the police officers subjected her to force and detained her at the protest. Her claims are unfounded, and her request to participate in the Class should be denied.

Thank you for your consideration herein.

Very truly yours,

/s/ Joseph M. Hiraoka, Jr.
Joseph M. Hiraoka, Jr.
Senior Counsel

---

[3] The "taunting" (Declaration, ¶15) heard on the video was instead Claimant taunting and insulting the police. (Video, 16:00).

[4] Claimant also admits that she lied when she yelled at the police that a male coming out of a building into the protest was her son (Declaration, ¶ 12).