**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

February 13, 2024

**Via ECF**

Hon. Gabriel W. Gorenstein
U.S. Magistrate Judge
40 Foley Square
New York, NY 10007

      Re: *Sierra/Wood v. City of New York*, 20 Civ. 10291

Your Honor,

      In its response, the City spends pages arguing against claims that Ms. Beasley does not make and can be disregarded by this Court. But nowhere in its lengthy submission does the City give any reason why the Court should deviate from the common understanding of the word "force," which includes indirect force. There is no such reason.

      As a leader of the protest on June 4, 2020, Ms. Beasley was separated from the rest of group by the line of bicycle police that formed the kettle at East 149th Street. As the video clearly shows, a police officer shoved a civilian, who fell into Ms. Beasley. The video ends the inquiry: Ms. Beasley was subjected to police force and is a class member.

      In response to Plaintiffs' submission that the use of the word "force" in the settlement agreement includes indirect force, the City simply claims—without pointing to a single word in the agreement, court order, or any other piece of evidence—that this type of force "was never contemplated as part of the terms of the settlement." City Resp. at 3. But the City *never* asked class members who claimed to have experienced police force to prove that the force came from the direct hand of a police officer. The chaos the police unleashed during the protest meant that many class members were pushed, shoved, and trampled by other protestors as a result of police actions. The City has never before suggested that those people were not "subjected to force" under the settlement agreement.

      Most importantly, the City fails to even address, let alone distinguish, the Supreme Court's description of "the common-law concept of 'force'," which "encompasses even its indirect application," *United States v. Castleman*, 572 U.S. 157, 170 (2014). Nor does the City successfully distinguish *Rothman v. City of New York*, No. 19 CIV. 0225 (CM), 2019 WL 3571051 (S.D.N.Y. Aug. 5, 2019). As Judge McMahon clearly explains, to bring a civil battery claim against a defendant, "the plaintiff need not allege an intent to harm, rather a plaintiff need only allege the act causing the bodily contact was done with the intent to make the contact, and the contact was offensive."

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Alyssa Isidoridy • Pooja Shivaprasad • Kyla Magun

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California and Connecticut

*Rothman*, 2019 WL 3571051 at *16. The City's insistence that "there was no intent by any police officer to make physical contact *with Claimant*," City Resp. at 3 (emphasis added), is legally irrelevant. The point is that the officer intended to make contact with the other civilian, who in turn was propelled into Ms. Beasley—nothing more, nothing less.

The City purports to dispute that the video shows an officer shoving a civilian into Ms. Beasley; rather, the City claims, the officer was merely "us[ing] his hands to re-direct the male protestor." Whether it is called "a shove" or "a redirection," the video demonstrates that the officer's physical contact with the civilian propels him into Ms. Beasley. Moreover, that Ms. Beasley did not seek medical treatment for her injuries is irrelevant to the question here. No class member was required to prove a "serious" or permanent injury when claiming that they were subjected to force. That she complains minutes later of foot pain ("I think I rebroke my foot") is strong, near-contemporaneous circumstantial evidence that the civilian, in fact, stomped on her foot when shoved by the police officer. And Ms. Beasley has submitted a statement under oath attesting to that fact.

Finally, the City strenuously disputes that Ms. Beasley was ever detained—a claim she does not make here. Ms. Beasley describes how officers "blocked [her] movements," something the video clearly shows, but Plaintiffs do not assert that she was "detained" as contemplated by the settlement agreement.

The fact that the City and Plaintiffs have worked cooperatively so far is certainly something all parties are grateful for, but has no bearing on the present dispute, which is a straightforward one. If the Court finds that Ms. Beasley was subjected to force, even indirectly, by police officers, she is a member of the class and entitled to compensation.

Respectfully submitted,

Alison Frick